[No. 6,410.]

# THOMPSON *v.* PATTERSON, EXECUTOR, ETC.

APPEAL — TRANSCRIPT—STATEMENT—NEW TRIAL.—Upon an appeal from an order denying a new trial, errors appearing on the judgment roll cannot be reviewed; but only such as appear in a bill of exceptions or statement. *Held,* accordingly, upon such an appeal—where it had been ordered that the statement appearing in the transcript be disregarded on account of the omission of documents properly belonging to it—that there remained no record upon which appellant was entitled to be heard, and no errors which this Court·could review.

REFEREE—FINDINGS—JUDGMENT.—A referee appointed to try and determine a case is, *quoad* the trial of the case, in the place of the Court, and his findings and report are·the equivalent of the findings and decision of the Court itself.

APPEAL from an order denying the defendant a new trial, in the Twelfth District Court, City and County of San Francisco. DAINGERFIELD, J.

The facts are stated in the opinion.

*Wm. Irvine,* and *P. G. Galpin,* for Appellants.

The appellant upon this appeal relies only upon questions of law arising on the report of the referee ; and the omitted evi-

dence and papers do not touch these questions. If the record is so defective that it shows no error, then, under the authority of *Todd* v. *Winants*, 36 Cal. 130, the judgment would be affirmed; but if the record shows error, arising from illegal decision of matters of law, apparent on the face of the referee's report, the error would not be condoned on the introduction of evidence which shows that the Court did not err in regard to matters of fact, whereof the appellant makes no complaint.

Counsel for respondent seem to misapprehend the effect of the order of the Court under which the case was submitted. The order is to the effect that the Court will not go outside of the referee's report in the examination of the errors assigned on this appeal; but that as to errors appearing on the face of the report and illustrated by the findings, which can be raised and reviewed on motion for a new trial, the Court will entertain the appeal.

*A. N. Drown*, for Respondent.

There is no record on appeal, and the appeal must be dismissed, or the order of the Court below affirmed. The Code of Civil Procedure, § 661, prescribes what shall constitute the record to be used on appeal from an order denying a new trial; and § 952 provides that the appellant must furnish the Court with a copy of the notice of appeal, or the order appealed from, and the papers designated in § 661. There is no judgment roll in this case, for no judgment has been entered. There was a statement, but it is not here, and has never been in the transcript.

This Court can only decide the case upon the same record considered in the Court below. (*Satterlee* v. *Bliss*, 36 Cal. 521; *Boston* v. *Haynes*, 31 Id. 107; *Quivey* v. *Gamble*, 32 Id. 307, 309; *Buchman* v. *Whitney*, 28 Id. 560; Code Civ. Proc. §§ 954–5; *Hart* v. *Plum*, 15 Cal. 152; *Buchman* v. *Whitney*, 28 Id. 560–1; *Kimball* v. *Semple*, 31 Id. 665; *Wetherbee* v. *Carroll*, 33 Id. 551; *People* v. *Bartlett*, 40 Id. 146; *Bush* v. *Taylor*, 45 Id. 113.) The referee's report cannot be reviewed on any of the grounds stated in appellant's notice; but only by an appeal from the judgment. It was never intended that an appeal

from an order denying a new trial should answer the same office as an appeal from the judgment itself. We, therefore, maintain that on this appeal no examination can be made of the referee's report, to see whether the findings are sufficient to justify the judgment of the Referee. (*Brumagim* v. *Bradshaw*, 39 Cal. 35; *Pico* v. *Cuyler*, 47 Id. 178; *Rice* v. *Inskeep*, 34 Id. 226; *Allen* v. *Fennon*, 37 Id. 68; *Hihn* v. *Peck*, 30 Id. 287; *Martin* v. *Malfield*, 49 Id. 42; *Quinn* v. *Smith*, Id. 163–166; *Jenkins* v. *Frink*, 30 Id. 586; *Otis* v. *Spencer*, 16 N. Y. 610; *Turner* v. *Haight*, Id. 465; *Johnson* v. *Whitlock*, 13 Id. 346; *Goodyear* v. *Bishop*, 2 Keyes, 651.)

*John J. Williams*, also for Respondent.

It is expressly declared that the judgment roll and the affidavits or bill of exceptions, or statement, as the case may be, used on the hearing, with a copy of the order made, shall constitute the record to be used on appeal from the order granting or refusing a new trial. (Code Civ. Proc. § 661.) Here there is no judgment roll, no affidavit, no bill of exceptions, no statement of the case, and consequently no record on appeal. (*Bodley* v. *Ferguson*, 25 Cal. 584; *Kimball* v. *Semple*, 31 Id. 665; *People* v. *Bartlett*, 40 Id. 147; *Wetherbee* v. *Carroll*, 33 Id. 555–6; *Bush* v. *Taylor*, 45 Id. 112.) When the pretended statement was stricken out, all specifications of error went with it, and in their absence there can be no review of errors of law. (*Butterfield* v. *C. P. R. R. Co.* 37 Cal. 381; *Hutton* v. *Reid*, 25 Id. 479; *Beans* v. *Emanuelli*, 36 Id. 117; *Richardson* v. *Kier*, 37 Id. 263; *Himmelman* v. *Hoadley*, 44 Id. 214; *People* v. *C. P. R. R. Co.* 43 Id. 398; *Phillips* v. *Lowry*, 54 Id.; *Caldwell* v. *Greeley*, 5 Nev. 260.) The Court cannot consider alleged errors appearing on the face of the referee's report, because there is no judgment roll, nor can there be until an entry of judgment; and even were the roll complete, errors appearing on it could not be reviewed on this appeal.

Department No. 1, McKEE, J.:

This case and three other cases, by an order made by the

Court below upon a stipulation of the parties, were referred to a referee to take and state an account, in the first case, between the plaintiff and the defendant, and to try and determine the rights of the parties in all the cases, and "to declare the same by proper findings of fact and of law."

Pursuant to the stipulation, the referee tried the four cases, and on April 30th, 1874, filed his report, findings, and conclusions of law. Defendant in the Court below gave notice of intention to move for a new trial upon a statement of the case to be prepared according to law. A statement was settled and certified by the referee; and upon it defendant moved for a new trial on one hundred and sixty assignments of error. The Court below denied the motion, and from the order the defendant appealed. This appeal the respondent in this Court moved to dismiss, upon the ground that the transcript on appeal was wholly insufficient, in that it did not contain certain matters of evidence which had been, by stipulation of the attorneys in the cases, used as parts of the statement of the case upon which the Court below denied a new trial. In response to the motion, the appellant filed a release of certain errors, and this Court denied the motion to dismiss the appeal; but as it had no power to amend or add to the statement in the transcript as made in the Court below, it ordered that all of the transcript be disregarded, except the pleadings, the referee's report and findings, and the notice of motion and order from which comes the appeal in the cases. In that condition of the record the appeal has been submitted upon briefs of counsel; and we are asked to review certain alleged errors which counsel for appellant claims "are shown and illustrated by the findings and report of the referee on its face."

These alleged errors are errors of fact and of law. To review them involves an examination of the testimony, which was received by the referee at the trial, for and against certain so-called "objectionable items" which were allowed in the statement of the account; and also of the evidence upon which the referee made his findings; so as to determine the legality or illegality of objections made to the allowance or disallowance of interest upon claims, and of commissions and attorney's fees, as

well as of objections to the mode of stating the account, and to the findings and report of the Referee.

But errors " shown and illustrated by the findings and report of a referee on its face " are part of the judgment roll of a case ; for a referee appointed to try and determine a case is, *quoad* the trial of the case, in the place of the Court, and his findings and report are the equivalent of the findings and decision of the Court itself. " When a referee," says the Court, in *Harris* v. *S. F. S. R. Co.* 41 Cal. 393, " reports his decision upon the whole case, his report stands as the decision of the Court. When he reports the facts only, his report is as a special verdict." The findings and report of a referee are, therefore, part of the judgment roll of a case. (§ 670, subd. 2, Code Civ. Proc.) But, so far as appears on this appeal, there is no judgment roll. No judgment has yet been entered in any of the cases. And even if there were a complete judgment roll in this case, the Court could not, from an inspection of it, undertake to determine whether there was or not error apparent upon it, because there is no appeal from the judgment. It is only upon an appeal from the judgment that the Court can consider errors apparent on a judgment roll, or review the verdict or decision of a case if excepted to, or errors assigned on a statement on appeal. (*Hutton* v. *Reid*, 25 Cal. 477 ; § 956, Code Civ. Proc.)

But here there is no appeal from the judgment, and no statement on appeal. The appeal which has been taken is from an order refusing a new trial. But errors of fact or of law, reviewable on such an appeal, are such as appear in a bill of exceptions, or statement of the case, settled in the Court below ; for the motion for a new trial must be heard in that Court upon affidavits, or the minutes of the Court, or a settled bill of exceptions, or statement of the case, which contains a specification of the particulars in which the evidence in the case is alleged to be insufficient, or of the particular errors of law upon which the moving party intends to rely ; if it does not, it must be disregarded. (§ 659, Code Civ. Proc.) Specification of grounds of error is, therefore, the essence of a statement or bill of exceptions on motion for a new trial, without which it has no legal existence. And upon an appeal from the order granting or re-

fusing a new trial, the statement or bill of exceptions, as it was used on the hearing in the Court below, must be brought to this Court in the transcript on appeal, (§§ 952 and 611, Code Civ. Proc.) for it is only upon the record which was considered in that Court that this Court can act. We have repeatedly held, we can only act upon a transcript of the record as it exists in the lower Court, duly authenticated in the mode prescribed by law. (*Bonds* v. *Hickman*, 29 Cal. 461 ; *Boston* v. *Haynes*, 31 Id. 107; *Buckney* v. *Whitney*, 24 Id. 261 ; 28 Id. 555; *Satterlee* v. *Bliss*, 36 Id. 520 ; *Quivey* v. *Gambert*, 32 Id. 306.)

When, therefore, the so-called statement in the transcript on appeal in these cases was found to be in such an imperfect condition that it had to be disregarded, there was nothing left in the record containing any grounds of error for review by this Court on the appeal from the order denying a new trial. There is, therefore, no record upon which the appellant is entitled to be heard—no errors which this Court can review. (*Hutton* v. *Reid, supra* ; *Kimball* v. *Semple*, 31 Cal. 658.)

Order affirmed.

Ross, J., and McKinstry, J., concurred.