## Joseph Baumer *vs.* Jesse R. French.

Opinion filed May 5, 1899.

### Motion for New Trial—Specification of Particulars.

Where, in a jury case, a motion to vacate the verdict and for a new trial is made upon a statement of the case, which omits specifications stating in what particular the verdict is not justified by the evidence, the trial court is without authority to grant the motion upon that ground, and in such case the trial court is, by the express terms of the statute, required to disregard the statement as to such feature.

### New Trial on Stated Case Without Specification of Particulars—Error.

In such a case it does not matter that counsel on both sides argue the motion generally upon the facts and the evidence, or that counsel for the respondent did not call the attention of the trial court to the fact that proper specifications were not embodied in the statement of the case. Accordingly, *held,* that an order granting such motion, under such circumstances, upon that ground, and that only, is reversible error. Authority to rule in such case cannot be conferred by agreement of counsel. The authority to vacate a verdict upon such ground exists only by virtue of the statute, and can only be exercised upon a compliance with the terms stated in the statute in all vital particulars.

### Record May Be Remanded for Correction.

Upon a proper showing, a record sent to this Court on appeal will be returned to the District Court for correction and amendment; but in such cases the District Court is authorized only to supply defects and omissions in the record, by inserting therein any matter of fact or of procedure which was before the trial court, and upon which it acted in making the rulings which are sought to be reviewed on appeal. But in such cases nothing new, however vital it may be to the case, can be first originated and then interpolated in the record to be returned to this Court. To allow this would be to permit the reviewing tribunal to pass upon matters which were not before the court of original jurisdiction when it made its decision.

### Motion to Remand to Insert Specifications Refused.

This cardinal rule of appellate procedure is applied to this case, and accordingly it is *held* that the respondent's motion to return the record, for the purpose of amending the same by adding thereto essential specifications omitted from the statement of the case as originally settled and allowed, must be denied.

### Rejection of Evidence Proper.

*Held,* further that the admission of certain evidence referred to in this opinion was not error.

Appeal from District Court, Richland County; *Lauder,* J.

Action by Joseph Baumer against Jesse R. French. Verdict for plaintiff. From an order granting a new trial, he appeals. Reversed.

*Freerks & Freerks,* for appellant.

The court can vacate a verdict and grant a new trial on its own

motion only where the error of the jury is so gross as to be at once apparent, and the court should exercise its power as soon as the verdict is rendered. Hayne New Trials, § 10; *Gould* v. *D. & D. Elev. Co.,* 2 N. D. 216; *Clement* v. *Barnes,* 6 S. D. 483, 61 N. W. Rep. 1126. A statement of the case shall have incorporated a specification of particulars in which the evidence is alleged to be insufficient to justify the verdict. The statute is mandatory. The right to move for a new trial is statutory and must be pursued in the manner pointed out. *Henry* v. *Maher,* 6 N. D. 413; *Thompson* v. *Cunningham,* 6 N. D. 426; *Hostetter* v. *Elev. Co.,* 4 N. D. 357; *Parrott* v. *City,* 68 N. W. Rep. 329; *Chandler* v. *Kennedy,* 65 N. W. Rep. 440; *Illstad* v. *Anderson,* 2 N. D. 167; *Tuet* v. *Strong,* 7 N. D. 565; *McTavish* v. *Great Norhtern R. Co.,* 8 N. D.——. Without specifications the statement should be disregarded. *Spencer* v. *Long,* 39 Cal. 700; *Budd* v. *Drais,* 50 Cal. 120; *Brumagim* v. *Bradshaw* 39 Cal. 24; *Hutton* v. *Reed,* 25 Cal. 479; *Caldwell* v. *Greely,* 5 Nev. 262. And they cannot be waived. *Walls* v. *Preston,* 25 Cal. 60; *Parrott* v. *City,* 9 S. D. 202; *Chandler* v. *Kennedy,* 65 N. W. Rep. 440. A statement of the case without specifications is a nullity. *Henry* v. *Maher,* 6 N. D. 414. The stated case such as it was, had not been filed with the clerk of court before the motion was heard. § 5476 Rev. Codes. It was not error to allow plaintiff during the trial to amend his complaint. *Anderson* v. *Bank,* 5 N. D. 80; *Connor* v. *National Bank,* 7 S. D. 439, 64 N. W. Rep. 519; *Johnson* v. *Gilmore,* 6 S. D. 277, 60 N. W. Rep. 1070. Defendant could not urge for error the overruling of his motion for a directed verdict at close of plaintiff's case, because his motion was not renewed when all the evidence was in. *Bowman* v. *Eppinger,* 1 N. D. 21; *Colby* v. *McDermont,* 6 N. D. 495; *Henry* v. *Maher,* 6 N. D. 414; *Association* v. *Willard,* 48 Cal. 617; *Railway Co.* v. *Cummins,* 106 U. S. 700. It was discretionary with the trial court to permit plaintiff to reopen his case to prove demand. But both parties claiming ownership of the property in dispute, a demand and proof of it were unnecessary. *Consolidated L. & I. Co.* v. *Hawley,* 7 S. D. 229, 64 N. W. Rep. 904; *Johnson* v. *Gilmore,* 6 S. D. 277. "That the verdict is not supported by the evidence" is a question not properly here for review. *Henry* v. *Maher,* 6 N. D. 414; *Sioux Banking Co.* v. *Kendall,* 6 S. D. 543, 62 N. W. Rep. 377; *Donahue* v. *Gallavan,* 43 Cal. 573.

*W. E. Purcell,* for respondent.

The omission from the statement of the case of a specification wherein the evidence was insufficient to justify a verdict, was not discovered until after the motion had been argued in the court below and a new trial ordered, and the record sent to this court. The motion of respondent to remand the record for correction and amendment, is discretionary. *Coulter* v. *Ry. Co.,* 5 N. D. 585; *Moore* v. *Booker,* 4 N. D. 543; §§ 5625, 5297, 5298, Rev. Codes; *Foley* v. *Porteous,* 7 S. D. 34, 63 N. W. Rep. 155; *Catlin* v. *Cole,* 19

How. Pr. 82; *Foot* v. *Colvin,* 2 Johns. 481; *Merchants' Nat. Bank* v. *McKinney,* 6 S. D. 58, 60 N. W. Rep. 162; *Ingerman* v. *Moore,* 90 Cal. 410. At common law where any portion of the proceedings of the trial court were omitted from the record through error or inadvertence the appellate courts awarded certiorari to enable the party to bring it upon the record. *Ballance* v. *Leonard,* 40 Ill. 72; *Illinois, etc. R. Co.* v. *Garrish,* 40 Ill. 70; *Collins* v. *Baker,* 6 Mo. App. 588. In nearly every state the courts of last resort have allowed the withdrawal of the record for the purpose of amendment and correction. *Alabama, etc. R. Co.* v. *Hungerford,* 41 Ala. 388; *Knox* v. *McFerran,* 4 Colo. 348; *Smith* v. *Wrightsville* (Ga.) 10 S. E. Rep. 361; *Bergen* v. *Riggs,* 40 Ill. 61; *Brooks* v. *Brinn,* 40 Ill. 64; *Tomlinson* v. *Furston,* 1 G. Greene 544; *Williams* v. *Thompson,* 4 Ky. Law Rep. 9; *Childers* v. *Allen,* 15 La. 500; *McCarra* v. *McNulty,* 73 Mass. 139; *Yale* v. *Coddington,* 21 Wend. 175; *Livingston* v. *Miller,* 7 How. Pr. 219; *Ballard* v. *Carr,* 15 N. C. 575; *Bradley* v. *Smith,* 6 Ohio 490; *Wright* v. *Bouta,* 19 Tex. 385; *McFarland* v. *West Side Imp. Co.,* 66 N. W. Rep. 637; *Vroman* v. *Dewey,* 22 Wis. 360. The correction may be either in form or substance. *Cervantes* v. *U. S.,* 57 U. S. 619; *O'Flynn* v. *Holmes,* 7 Mich. 44; *Hoagland* v. *Van Etlen,* 43 N. W. Rep. 422; *Male* v. *Leggett,* 1 S. E. Rep. 622; *Hay* v. *Lewis,* 39 Wis. 364; *Phoenix* v. *Gardner,* 13 Minn. 252; *Buye* v. *Simmons,* 90 N. C. 9. A stronger case must be made to justify a reversal when a new trial has been granted than when it has been refused. *Morrow* v. *Letcher,* 71 N. W. Rep. 139. A new trial for insufficiency of the evidence to justify the verdict, rests in the sound discretion of the trial court. *Gull River L. Co.* v. *Osborn-McMillan Elev. Co.,* 6 N. D. 276; *Braithwaite* v. *Aiken,* 2 N. D. 57; *Patch* v. *Ry. Co.,* 5 N. D. 55. That the statement of case was not filed when the motion for new trial was heard has been waived. The objection should have been made in the trial court. *Matteson* v. *Curtis,* 11 Wis. 424; *Jones* v. *Hockman,* 12 Ia. 101; *McGrath* v. *Fallent,* 7 Utah 256. A party cannot assign as error what he assented to below. *Chesley* v. *Boom Co.,* 38 N. W. Rep. 769; *Thompson* v. *Connolly,* 43 Cal. 636.

WALLIN, J. The facts which we deem to be decisive in this case may be briefly stated as follows: The action was brought to recover the possession of certain farm machinery, and the trial resulted in a verdict for the plaintiff. Subsequently the defendant served notice of intention to move for a new trial and to vacate the verdict. Said notice contained a statement that said motion would be made upon a statement of the case, and also upon affidavits thereafter to be served. No affidavits were in fact served or used, and the motion was heard upon a statement of the case. The specifications of error incorporated in the statement were numerous, but in this opinion it will not be necessary to deal with any of the alleged errors of law contained in the statement, save one, which will be hereinafter

discussed. The statement embraced, also, the following attempted specification of error: "That said verdict is against the clear weight of evidence, and not supported by the evidence." But the statement did not attempt to show in what particular, or wherein, the evidence failed to sustain the verdict. The motion for a new trial was argued by counsel, and thereafter the trial court granted the motion, and entered its order vacating the verdict and granting a new trial; said order being general in its terms, and containing no particular grounds or reason for granting the motion. From this order the plaintiff has appealed to this Court, and, pursuant to such appeal and at considerable expense, has prepared and printed a brief and a voluminous abstract of the record, and has served the same upon respondent's counsel, and copies of the same are now filed in this Court. In this Court counsel for the respondent has made a motion for an order transmitting the record herein to the District Court, from whence it came, for "amendment"; said motion being based upon the files in this Court, and also upon affidavits of counsel for the respondent and upon a certificate made by the trial judge. Counsel for the appellant has also filed affidavits in opposition to such motion.

The material averments in the affidavit of W. E. Purcell, Esq., attorney for the respondent, are as follows: "That this affiant, as attorney for the said defendant and respondent, in preparing the assignments of error, supposed that he had incorporated therein the assignment of error, to-wit: that 'the evidence was insufficient to justify the verdict'; that he had instructed Charles E. Wolfe, who prepared said statement of the case and assignments of error attached thereto, to assign as an error that 'the evidence was insufficient to justify the verdict'; that the statement of the case, as served, failed to show the said assignment of error last mentioned; that when the said motion for a new trial came on to be heard before the court this affiant appeared as attorney for the defendant and respondent in support of said motion, and George W. Freerks, Esq., attorney for the plaintiff and appellant, appeared in opposition to said motion for a new trial; that on the argument of said motion this affiant stated to the Court, in the presence of said George W. Freerks, that he based this motion solely and alone upon the assignment of error that 'the evidence was insufficient to justify the verdict'; that he argued that ground before the court, and that was the only ground upon which the motion for a new trial was based; that in support of said motion this affiant cited the case of *Gull River Lumber Co.* v. *Osborne-McMillan Elevator Co.,* reported on page 276 of volume 6 of the North Dakota Reports (69 N. W. Rep. 691), and Hayne on New Trial and Appeal; that the said George W. Freerks, Esq., argued, in opposition to said motion, only and solely the question as to whether or not the evidence was insufficient to justify the verdict; that that was the only question argued on said motion, and that at the time of the argument of said motion this affiant and the Honorable W. S. Lauder, judge of said court, believed that in the assignment of error attached to the statement of the case served this error,

to-wit: that 'the evidence was insufficient to justify the verdict,' was incorporated in the assignments of error; that the said George W. Freerks made no objection to the argument of the motion for a new trial upon the ground that the assignment of error did not contain the assignment that 'the evidence was insufficient to justify the verdict'; that he neither called the attention of the Court nor of counsel, on the argument of the motion for a new trial, to the fact that the record did not contain said assignment. Affiant further says that the Court, in deciding the motion for a new trial, and in granting the same, stated that his reason for granting the defendant's motion for a new trial was upon the ground that 'the evidence was insufficient to justify the verdict,' and instructed affiant, in drawing the order granting a new trial of said action, to incorporate in the order that he granted said new trial for the reason that in his judgment the evidence was insufficient to justify the verdict, that the verdict was against the evidence, and that a new trial of the case should be had; that this affiant, when the Court had informed him of his judgment in the matter, instructed said Charles E. Wolfe, who is in his employ and associated with him in said case, to draw an order granting a new trial of said cause, and to incorporate in said order that above stated by the Court; that this affiant always supposed that the assignments of error attached to the statement of the case contained the assignment of error that 'the evidence was insufficient to justify the verdict'; that the Court supposed the same was in the record, and acted thereon, and granted the motion for a new trial, believing the same to be in the record; that the error was not discovered until after the time the appellant had commenced to print the record. Affiant therefore asks that the above court remand said record to the District Court, to enable the District Court to correct the same by adding thereto, in the assignments of error, that the 'evidence was insufficient to justify the verdict.'" Another affidavit in respondent's behalf was made by Charles E. Wolfe, Esq., who was in the employ of the attorney for respondent, and who prepared the statement of the case. The material parts of the last-mentioned affidavit are as follows: "In the preparation of such statement of the case affiant was assisted by two different stenographers, to whom parts of such statement of the case were dictated, and the affiant wrote part of such statement of the case in person; that by an oversight, either of this affiant or one of the stenographers to whom he dictated parts of such proposed statement of case, a specification of error that 'the evidence was insufficient to justify the verdict' was unintentionally omitted; that it was affiant's intention throughout the preparation of such proposed statement of the case to assign such error, and that he honestly believed that the same had been assigned and incorporated in said proposed statement of case; that he never knew of the omission of such assignment until on or about the 10th day of December, 1898." After reciting the fact that the motion for a new trial was heard in the month of July, 1898, upon

a statement of the case, the trial judge certifies as follows: "The motion for a new trial was granted. The decision of the District Court in granting said motion was based wholly upon the ground that in my opinion, while it would have been error, perhaps, to have directed a verdict for the defendant, in view of the state of the evidence, justice required that the cause should be retried, and submitted to another jury. This decision and the grounds thereof were orally announced to defendant's counsel, and I directed counsel for the defendant to incorporate in the order granting a new trial the grounds thereof, as heretofore stated. When I signed the order granting a new trial, I supposed said order contained the grounds upon which, as before stated, the decision was based. I have since been informed that this is not a fact. I therefore ask that the record be remanded to the District Court, that the same may be corrected in this particular." George W. Freerks, one of the attorneys for the appellant, who made an argument upon the motion for a new trial, avers in his affidavit, filed in opposition to the respondent's motion to transmit the record, that the motion for a new trial was heard on the 8th day of July, 1898, and then proceeds as follows: "At which time the said attorneys appeared before the said court; that said affiant, George W. Freerks, then proceeded to discuss certain propositions of law concerning said action, and that the judge of said court indicated that he desired to have the facts in the case discussed; that said George W. Freerks there stated to the Court as follows: 'We argued the facts of this case before the jury, and we do not care to take the time of the Court in going over the facts again at this time,'—or that in substance; and that the facts of this case and the matter of the sufficiency of the evidence to sustain the verdict were not argued in behalf of the plaintiff by his attorneys, or at all, on the hearing of said motion." This affidavit is also verified by the oath of Martin C. Freerks, who is one of plaintiff's attorneys. It further appears by the last-mentioned affidavit that among the specifications of error actually embodied in the statement of the case was the following: "That the said verdict is against the clear weight of the evidence, and is not supported by the evidence."

The question presented upon the state of facts above set out is whether, under the established practice, it is the duty of this Court to transmit the record to the District Court for amendment. It is a somewhat remarkable fact that the affidavits filed in respondent's behalf state, in substance, and frequently reiterate the statement, that a certain specification of error, viz: one to the effect that the verdict is not justified by the evidence, was not embodied in the statement of the case, and that such specification was unintentionally and by accident omitted from the statement. This is an obvious mistake of fact, as appears, not only by the appellant's affidavits, but also from the original record and the printed abstract thereof on file in this Court; and we have already set out the exact terms of said specification as it appears in the statement,

and as it stood at the time the motion for a new trial was argued in the court below. It is therefore obvious that the real purpose of respondent's motion to transmit this record is not to enable the respondent to supply an omitted specification of error, but is, on the contrary, to enlarge and perfect an existing specification by inserting therein certain necessary particulars omitted from the original statement. The moving papers of the respondent filed in this Court contain no draft of any particular specifications which respondent's counsel will ask the trial court to incorporate in the statement if the papers are sent back as requested. It follows that, if the papers should be returned for amendment in this feature, counsel for respondent will be unrestricted as to the number and character of any specifications which he may desire to introduce into the specification in question. It is not contended that another motion to vacate the verdict, and for a new trial, based upon an amended statement of the case, can be made or would be legally possible. Nothing of the kind is suggested. From this it necessarily follows that the programme of counsel is to ask this Court to review the order granting a new trial, not upon any specifications of error contained in the statement actually before the trial court, and upon which its order is necessarily based, but upon specifications essentially different, and such as counsel shall hereafter see fit to frame and have inserted in a new statement of the case, to be filed later in this Court, and this against the emphatic protest of appellant's counsel.

In this case we shall follow a general rule, and hold that the decision made by the court below is conclusive upon the disputed question of fact as to whether counsel discussed the facts and evidence on both sides upon the argument of the motion for a new trial; and our ruling will accordingly be based upon the statement of the judge, as above set out, to the effect that the decision of the court upon the motion was confined to the facts and the evidence in the record, and that the order was based wholly upon the facts and the evidence, to the exclusion of alleged errors of law. Assuming this to be so, we are unable to see how that fact can aid the respondent. The statute is explicit upon the point. In the absence of specifications of particulars, it is the duty of the trial court and of this Court, under the mandate of the statute, to disregard the statement upon which a motion for a new trial is made. There is no claim that particular specifications were in fact drawn and actually discussed by counsel or considered by the Court on the hearing of the motion. If such a showing had been made, followed by a showing that such specifications were by some inadvertence not annexed to the settled case, a widely-different question would have been presened. Under certain circumstances the practice of sending down a record for amendment is entirely proper, and this Court has had occasion to so hold. See *Coulter* v. *Railway Co.,* 5 N. D. 568, 67 N. W. Rep. 1046. And this Court also has a standing rule, framed expressly to facilitate the practice in this class

of cases. See Rule 33, 6 N. D. xxviii., 74 N. W. Rep. xii. In the case cited, this Court, in its opinion (page 585, 5 N. D., and page 1051, 67 N. W. Rep.), in speaking of the act of a trial judge in settling a statement, used the following language: "He merely embodies in authentic form a record of the proceedings already had, and on which his previous judicial action was predicated, to the end that the appellate court may determine whether such previous judicial action was legal or erroneous." This language states a cardinal rule of appellate procedure. A statement is made to bring upon the record the data upon which the trial court based its determinations. Its office is to present the actual facts, events, and procedure as they existed when the action of the trial court was taken thereon. Applying this familar rule, it is easily seen that a record should never be transmitted to a trial court for amendment in a case where the avowed object of the moving party is not to bring upon the record any event or matter of procedure which actually existed or took place in the court below, but is, on the contrary, to supply something which is vital in the case, and which never existed or took place in the trial court, but was for some reason omitted therein. The case at bar presents such a state of facts. The motion papers disclose the fact that the trial court vacated the verdict and granted a new trial upon the sole ground that the verdict was not justified by the evidence; and the further fact appears that the statement of the case upon which the motion for a new trial was based embraced no attempt to state the "particulars in which the evidence is alleged to be insufficient." Under the express terms of the statute (Rev. Codes, § 5467), the order granting a new trial was reversible error. Under the system which the legislature has adopted, specifications of error in jury cases are vital, and are not mere matters of form. Authority upon this point would be superfluous. The purpose of respondent in asking this Court to transmit the record to the District Court is to enable the Court, against the consent of the appellant, to amend the statement by inserting a vital feature therein, viz: by inserting specifications of particulars which will point out wherein the evidence is alleged to be insufficient. This amendment is sought not for use in the Court below, but solely to be used by this Court as a basis for reviewing the order granting a new trial. It is perfectly clear to our minds that this should not be permitted. To allow it would constitute a precedent upon which similar action could be taken in all cases tried to a jury in which the court below either grants or refuses a new trial without specifications of error. If the evidence can be reviewed without specifications of particulars in the court below, errors of law could likewise be so reviewed, and for similar reasons. To so rule would be in defiance of the express terms of the statute, and would likewise be directly subversive of a system of procedure of great value, and one long established in this state and many others. There were no specifications of particulars before the trial court when it heard the motion, and none when it made its order.

It must follow, therefore, that this court will proceed to review the order upon the same record. *Thompson* v. *Patterson,* 54 Cal. 542, and cases there cited. Also *Preston* v. *Hearst,* Id. 595. The case last cited is directly in point. In that case the trial court, after an order denying a new trial had been appealed from, made an order allowing specifications of error to be filed nunc pro tunc in the court below. The Supreme Court held that the statement could not be thus amended, and that the original statement was fatally defective, because it contained no specifications of error.

Upon the record, it is doubtful, to say the least, whether this Court can properly consider specifications of error of law in the statement, none being considered in the court below. But, as the result in this case will not be affected by so doing, we will, without deciding the point, dispose of one question, and the only one upon the merits which was discussed by counsel or submitted for our decision. At the trial one McMichael was a witness, and testified for the defendant. On his cross-examination a document in the form of an affidavit, purporting to have been subscribed and sworn to by the witness, was shown the witness, and he identified the same as a paper signed by him at the office of the plaintiff's counsel at a date prior to the trial. The witness testified that he signed the instrument, but was not sworn at that time, and that he never in fact swore to the statement in it. This testimony was not contradicted, despite the fact that the plaintiff's counsel who conducted the cross-examination was the notary who affixed the jurat to the affidavit. Under the circumstances, therefore, we think that the fact is established, for the purpose of this case, that the document in question is not an affidavit. This Court has recently held that the jurat to an affidavit is, as a general rule, only prima facie evidence, and may be rebutted. See *Turner* v. *St. John,* 8 N. D. 245, 78 N. W. Rep. 340. The document in question was offered in evidence by the plaintiff, and was objected to on the ground that it was incompetent, irrelevant, and immaterial, but was not objected to as not tending to impeach the witness. The paper was admitted in evidence, and the ruling is assigned as error. Respondent's counsel contends that the document is an extrajudicial oath, and that, under sections 6995, 6996, Rev. Codes, the witness and the notary were guilty of a misdemeanor,—the one for being sworn, and the other for administering the oath ; and from these premises counsel argue that the paper, being under the ban of the statute, is a legal nullity, and cannot be used even as evidence. As to this we need only say that the statute makes no such announcement in terms, nor is it apparent to us why a writing signed by a party may not be referred to as evidence of its contents. But, in this case, as has been seen, the instrument is a mere written statement, signed by the witness, and not verified by his oath. Its introduction in evidence was not objected to upon the ground that it did not tend to impeach the witness ; but, if this objection had been made, we are of the opinion that it would not have been a valid objection.

The statements made by the witness upon his oral examination were material upon the main question in the case, and such statements were in square conflict with those made in the document offered in evidence. This being so, the document was competent evidence, as tending to impeach the witness, and for this purpose alone it must have been offered. It follows that this assignment of error must be overruled.

From what has been said, our conclusion upon this record is that the order appealed from must be reversed. All the judges concurring.