(115 N. W. 679.)

---

HENRY LUND v. NATHAN UPHAM.

Opinion filed April 14, 1908.

Rehearing denied April 21, 1908.

**Appeal — New Trial — Statement of the Case — Sufficiency of Evidence.**

1. The sufficiency of the evidence to sustain a verdict cannot be considered by the trial court on a motion for a new trial, nor by this court on appeal, unless the settled statement of the case contains specifications of particulars wherein the evidence is insufficient to sustain the verdict.

**Evidence.**

2. Objections to certain questions considered in the opinion, and the rulings thereon *held* not prejudicially erroneous.

**Remarks of Counsel — New Trial.**

3. Remarks of counsel to the jury considered in the opinion, and *held* not grounds for a new trial under the circumstances shown in the record.

Appeal from District Court, Walsh county, *Fisk, J.*

Action by Henry Lund against Nathan Upham. Verdict for plaintiff. From an order granting a new trial, plaintiff appeals. Reversed, and cause remanded.

*E. R. Sinkler,* for appellant.

Notice of intention is essential to the grant of a new trial. Gould v. Dakota Elevator Co., 2 N. Dak. 216, 50 N. W. 969; First National Bank v. Comfort, 28 N. W. 855, 4 Dak. 167; Moddie v. Brieland, 70 N. W. 637.

Motion for new trial cannot be entertained one year and six months after notice of entry of judgment. Rev. Codes 1905, Sec.

7346; Bright v. Juhl, 93 N. W. 648; Kimball v. Palmerlee, 13 N. W. 129; Deering v. Johnson, 22 N. W. 174; Yerkes v. McHenry, 6 Dak. 5, 50 N. W. 485; Richardson v. Rogers, 35 N. W. 270; Pugh v. Reat, 107 Ill. 400; Ferger v. Wesler, 35 Ind. 53.

Motion for new trial and decision thereon must be made before the expiration of the period for appeal from the judgment. Knox v. Clifford, 41 Wis. 458; Whitney v. Karner, 44 Wis. 563; Mc-Knight v. Livingstone, 1 N. W. 14; Sargent v. Kindred, 5 N. D. 472, 67 N. W. 826; Gaar, Scott & Co. v. Collin, 15 N. D. 622, 110 N. W. 81.

Statement of the case must contain specification of particulars wherein the verdict is not sustained by the evidence. Gagnier v. City of Fargo, 12 N. D. 219, 96 N. W. 841.

Exceptions to attorney's remarks must be taken when they are made, not at close of argument. Western Union Tel. Co. v. Apple, 28 S. W. 1022; 2 Enc. Pl. & Pr. 755.

*J. H. Fraine,* for respondent.

Court can entertain a motion for new trial eighteen months after notice of entry of judgment. Johnson v. N. P. Ry. Co. 48 N. W. 227; King v. Hanson, 13 N. D. 85; 99 N. W. 1085; Grade v. Collins, 66 N. W. 467.

Objection to non-filing of the statement of the case can not be first raised in the appellate court. Plano Mfg. Co. v. Jones, 79 N. W. 338.

The granting of a new trial for insufficiency of the evidence will not be disturbed, except for abuse of discretion in making it. State v. Howser, 98 N. W. 352; Pengilly v. Machine Co. 11 N. D. 249, 91 N. W. 63; Dinnie v. Johnson, 8 N. D. 153, 77 N. W. 612; Gull River Lumber Co. v. Elevator Co., 6 N. D. 276, 69 N. W. 691.

MORGAN, C. J. This is an appeal from an order granting a new trial on the defendant's motion. The action was for the recovery of a judgment against the defendant for damages growing out of his refusal to comply with his alleged contract to pay the plaintiff for threshing done by him for one Johnson. The plaintiff recovered a verdict. Defendant moved for a new trial. The granting of the order for a new trial is the only error assigned. Judgment was entered on the verdict on April 1, 1905. Notice of the entry of judgment was served on April 3, 1905. Notice of intention to move

for a new trial on statutory grounds was served, and service thereof duly acknowledged on May 25, 1905. The grounds on which a new trial would be asked are specified in this notice as: (1) Errors of law occurring at the trial; (2) insufficiency of the evidence to justify the verdict, and that it is against the law; (3) misconduct of plaintiff's counsel at the trial. The notice contained no specification of the particulars in which the evidence was insufficient to sustain the verdict. This notice further specified that the motion for a new trial would be based upon a statement of the case thereafter to be settled, and upon the files in the action, and upon the minutes of the court at the trial. On said May 25th a proposed statement of the case was served on plaintiff's attorney, and on May 31st, plaintiff's attorney served proposed amendments to said proposed statement, and the same was settled by the trial judge on July 24, 1905, and filed in the clerk's office on February 28, 1907. October 22, 1906, notice was served on the plaintiff that the motion for a new trial would be brought on for argument on November 3, 1906, and the motion was heard and decided on said November 3d.

The appellant claims at the outset, irrespective of any question on the merits of the order, that the trial court had no jurisdiction to grant a new trial, for the reason that the motion therefor was noticed for argument and heard after more than one year after the judgment was entered, and after the time for appeal therefrom had passed. It is unnecessary to determine as a matter of law whether the court had jurisdiction to pass upon the motion for a new trial by reason of the fact that the motion was made and granted after the time for appeal from the judgment had expired. It may be conceded for the purposes of this appeal that the court had jurisdiction so far as that question is concerned. There is, however, a fatal objection to the order on jurisdictional grounds so far as a consideration of the evidence is concerned. The verdict is assailed on the ground of the insufficiency of the evidence to sustain it. Nowhere in the notice of intention to move for a new trial, nor in the motion for a new trial, nor in the specifications of error, are the particulars wherein the evidence is insufficient to sustain the verdict pointed out. The statute regulating proceedings on motions for new trials and appeals makes it the duty of the party applying for a new trial to particularly specify wherein the evidence is insufficient, and prescribes that the specification shall be disregarded unless such insufficiency is particularized. Section

7058, Rev. Codes 1905; Baumer v. French, 8 N. D. 319, 79 N. W. 340; Mooney v. Donovan, 9 N. D. 93, 81 N. W. 50; Chandler v. Kennedy, 8 S. D. 56, 65 N. W. 439; Gagnier v. City of Fargo, 11 N. D. 73, 88 N. W. 1030, 95 Am. St. Rep. 705.

The question of the insufficiency of the evidence to justify the verdict was not properly before the trial court, and under the peremptory language of section 7058 we must disregard that specification

There are 60 specifications of error set forth in the statement of the case. Fifty-five of them relate to the admission of evidence. A great number of these specifications are not even mentioned in the printed briefs; but we have considered them, and find no error in such rulings. Those specifications that are mentioned in the brief we have also carefully considered, and we find no prejudicial error in any ruling. One of the questions objected to as immaterial was, "Did you rely on Mr. Upham's statement he would pay you for all the threshing?" The action was brought against the defendant on a promise to pay the plaintiff for threshing done by him for one Johnson. One of the issues was whether the defendant had made such promise. As corroborating Johnson's testimony that such promise was made by the defendant, the fact that no lien had been filed by him was shown to show reliance upon the promise. We think this was a competent fact to be shown. If plaintiff had not relied on such promise, it would have been a potent consideration against the fact that such promise had been made. This evidence was not therefore immaterial. Admissions and promises claimed to have been made by the defendant after the threshing to the effect that he would pay for the threshing are also specified as prejudicial errors, but such objections are clearly untenable and without merit. Testimony by plaintiff as to the number of bushels threshed and the disposition of the grain was received under objection, but there was no error in receiving it, as it was a relevant and material question. Evidence of the disposition made of the grain, if not an issue in the case, was received under objection, but we fail to see how its receipt could have been prejudicial. Certain questions asked the defendant on his cross-examination are also objected to, but they were proper as grounds for impeachment. No other objections to evidence worthy of notice were specified as error. It is sufficient to say that they present no erroneous rulings.

Misconduct of plaintiff's attorney in his remarks to the jury is claimed as ground for a new trial. The remarks were to the effect that defendant would lose nothing by a verdict against him, as he was simply representing some rich estate, which would recompense him on demand, and, as showing the wealth of such estate, that defendant was under $60,000 bonds as its agent. As soon as objection was made to such remarks the court charged the jury that there was no evidence whatever in the record as to these statements, and the jury must totally disregard such statements. The remarks were not objected to until the close of the defendant's attorney's argument. They should have been objected to at once, and there are cases holding that objection comes too late when not made until the close of the argument. 2 Enc. Pl. & Pr., p. 754. Such remarks were improper and deserved rebuke, although they were undoubtedly made thoughtlessly. After the prompt and specific instruction to the jury to wholly disregard such statements, we do not think that the mere statement is ground for a new trial, in view of the caution to the jury. The objectionable language was confined to one sentence, not objected to promptly, and to say that a mere inadvertent statement, not repeated or persisted in, had a prejudicial influence, in view of the court's charge, would be going too far in presuming prejudice. The facts are not parallel with a leading case on this question (Brown v. Swineford, 44 Wis. 282, 28 Am. Rep. 582), where the misconduct was persisted in after admonition from the court. Attorneys, however, are treading upon dangerous ground when they so far forget themselves in the heat of argument that the evidence in the record only should be the basis of their arguments. In this case the judge who presided at the trial did not make the order granting a new trial. Hence this court is in the same situation, so far as determining the probable effect of the language used, as the judge who made the order granting a new trial. The record does not, however, disclose the ground on which a new trial was ordered. In view of the fact that the questions properly before us for review are questions of law purely, nothing is presumed in favor of the rulings of the trial judge. No questions of discretion are involved in such rulings.

Inasmuch as the sufficiency of the evidence to sustain the verdict was not properly before the trial judge, and in view of the fact

that no prejudicial error was committed at the trial, the order granting a new trial is reversed, and the cause remanded for further proceedings.

SPALDING, J., concurs. FISK, J., being disqualified, did not sit on the argument, nor participate in the decision.