## McNISH v. WOLVEN et al.

Where the notice of the motion for new trial of the cause tried by the court stated that the motion would be made for insufficiency of the evidence and for errors in law occurring at the trial, and would be made on a bill of exceptions subsequently to be prepared, and there was no specification in the bill of exceptions as to the particular errors relied on as required by Code Civ. Proc. § 303, subd. 3, the trial court and the court on appeal must disregard the bill of exceptions.

(Opinion filed, February 24, 1909.)

Appeal from Circuit Court, Hand County. Hon. LORING E. GAFFY, Judge.

Action by M. O. McNish against John W. Wolven and an·
other. From a judgment for plaintiff and from an order denying
a new trial, defendant John W. Wolven appeals. Affirmed.

*J. H. Cole* and *B. A. Knight,* for appellant. *S. A. Keenan,* for
respondent.

CORSON, J. This action was instituted by the plaintiff to
quiet her title to a tract of land in Hand county embracing about
286 acres. The case was tried to the court, and, findings and judg-
ment being in favor of the plaintiff, the defendant John W. Wo'-
ven has appealed to this court. The complaint is in the usual
form, alleging a fee-simple title in the plaintiff, and claim made
thereto by the defendants, and alleging the invalidity of such claim.
The defendant Wolven, answering the complaint, denied plaintiff's
ownership, and denied that she had any interest therein or is en-
titled to the relief prayed for. He then sets out his title by virtue
of certain tax proceedings resulting in a tax deed under which he
claims he has succeeded to the property in controversy, and he also
pleads the statute of limitations. To this answer the plaintiff filed
a reply, alleging certain defects in the tax proceedings which ren-
dered the same null and void. The answer and reply thereto are
very lengthy, and we do not deem it necessary to reproduce them
in this opinion. The court in its findings of fact found that the
plaintiff was the owner of and entitled to the possession of the
property, and the tax proceedings and the deed thereunder were
void, and the tax sale did not vest the title in the defendant. The
court further finds that the defendant Wolven paid taxes upon
said property, including interest, amounting to $424. From its
findings the court concludes as a matter of law that plaintiff is
entitled to judgment quieting her title to the property in contro-
versy, subject to the taxes found to be due, and judgment was
thereupon entered in favor of the plaintiff. A motion for a new
trial was made and denied, and, from the order denying a new
trial and judgment, the defendant has appealed.

The defendant assigns as error in this court that the trial
court erred in finding that the plaintiff was the owner in fee of
the land described in the complaint, that the court erred in its
findings of fact, and that the court erred in its conclusions of law.

A motion for a new trial was made and overruled by the court. The notice of the motion stated that the motion would be made upon the grounds: (1) Insufficiency of the evidence to justify the findings of the court. (2) That said decision and findings of fact are against law. (3) Errors in law occurring at the trial and excepted to by the said defendant. In the notice of the motion it was stated that the same would be made upon a bill of exceptions thereafter to be prepared, settled, and allowed by the court. There is no statement in the bill of exceptions of the particular errors upon which the evidence is alleged to be insufficient, and there are no specifications as to the particular errors of law upon which the defendant would rely. Subdivision 3 of section 303 of the Code of Civil Procedure provides that: "When the notice of intention designates as the ground of the motion the insufficiency of the evidence to justify the verdict or other decision. the statement shall specify the particulars in which such evidence is alleged to be insufficient. When the notice designates as the ground of the motion errors in law occurring at the trial and excepted to by the moving party, the statement shall specify the particular errors upon which the party will rely. If no such specifications be made, the statement shall be disregarded on the hearing of the motion." There being in this case no specification of the particulars in which the evidence is insufficient to justify the findings, and no specification of the errors of law that will be relied on, it was the duty of the trial court to disregard the same on the hearing of the motion, and this court will presume, therefore, that that court did so disregard it, and denied the motion for a new trial on that ground. It was not only the duty of the trial court to disregard the bill of exceptions for the reasons stated, but it is also the duty of this court to disregard it. This question has been considered in a number of cases in this court, and it has uniformly held that when the bill of exceptions or statement fails to specify the particulars in which the evidence is insufficient or the particular errors of law relied on such statement or bill of exceptions should be disregarded by the court. In D. S. B. Johnston Land-Mortg. Co. v. Case (First Nat. Bank of Charles City, Iowa, Intervener), 13 S. D. 28, 82 N. W. 90, this court held where, on a motion for a new trial

of the cause tried by court, a settled statement or bill of exceptions failed to contain specifications of the particulars in which the evidence was claimed to be insufficient or the errors of law relied on, the trial court's action in denying the motion so far as errors of law occurring at the trial or the sufficiency of the evidence to justify the decision are concerned cannot be reviewed, and the court, speaking by Mr. Justice Fuller, says: "Both the trial court and the adverse party are entitled to know the particular errors of law relied upon, and the particulars in which the evidence is regarded insufficient, and the bill of exceptions or statement used on appeal must contain such specifications. In this jurisdiction and other states having statutes like ours it is well settled that such defects are not removed by unauthenticated assignments of error presented on appeal, and, so far as errors of law occurring at the trial or the sufficiency of the evidence to justify the decision are concerned, the action of the trial court in denying the motion for a new trial cannot be reviewed. * * * Disregarding, as we must, the bill of exceptions, no errors can be considered, except such as the judgment roll affirmatively discloses, and, as the facts found justify the conclusions of law and the judgment accordingly entered, no reason for a reversal appears."

In addition to the cases cited in the former opinion, we add the following: Baumer v. French, 8 N. D. 319, 79 N. W. 340; Phillips v. Lowrey, 54 Cal. 584; Preston v. Hearst, Id. 595. In the case of Baumer v. French, supra, it is stated in the headnote that: "In such a case it does not matter that counsel on both sides argue the motion generally upon the facts and the evidence, or that counsel for the respondent did not call the attention of the trial court to the fact that proper specifications were not embodied in the statement of the case. Accordingly, held, that an order granting such motion under such circumstances upon that ground, and that only, is reversible error. Authority to rule in such case cannot be conferred by agreement of counsel. The authority to vacate a verdict upon such ground exists only by virtue of the statute, and can only be exercised upon a compliance with the terms stated in the statute in all vital particulars."

No error appearing upon the record reviewable by this court, the judgment of the court below and order denying a new trial are affirmed.