## STATE OF NORTH DAKOTA v. ALEC OIEN.

(145 N. W. 424.)

**Cross-examination — witness — impeachment — arrest — no presumption of guilt — improper questions — offense — guilty — conviction.**

Upon cross-examination for the purpose of impeachment it is improper to ask a witness whether or not he has been arrested. A mere arrest carries no presumption of guilt. He may, however, be asked whether or not he is guilty of the offense, or has been convicted thereof.

Opinion filed December 31, 1913. Rehearing denied February 13, 1914.

Appeal from the District Court of Mountrail County, *Frank E. Fisk,* J.

Reversed.

*E. R. Sinkler,* for appellant.

Where complaining witness in a bastardy case definitely fixes a certain material date, it is improper for the state to try to elicit from the witness her *reasons* for the fixing of such date. Sprenger v. Tacoma Traction Co. 15 Wash. 660, 43 L.R.A. 706, 47 Pac. 17; Fulton v. Metropolitan Street R. Co. 125 Mo. App. 239, 102 S. W. 47; Zetsche v. Chicago, P. & St. L. R. Co. 238 Ill. 240, 87 N. E. 412.

An accusation or indictment for a crime is not admissible to discredit a witness. It is error to permit the question, and prejudicial error when the witness answers that he has been arrested or charged with crime. People v. Elster, 2 Cal. Unrep. 315, 3 Pac. 884; Marx v. Hilsendegen, 46 Mich. 336, 9 N. W. 439; People v. Wolcott, 51 Mich. 612, 17 N. W. 78; Kober v. Miller, 38 Hun, 184; Van Bokkelen v. Berdell, 130 N. Y. 141, 29 N. E. 254; Sullivan v. Newman, 63 Hun, 625, 43 N. Y. S. R. 893, 17 N. Y. Supp. 424; V. Loewer's Gambrinus Brewery Co. v. Bachman, 45 N. Y. S. R. 48, 18 N. Y. Supp. 138; People v. Carolan, 71 Cal. 195, 12 Pac. 52; Smith v. State, 79 Ala. 21; Bates v. State, 60 Ark. 450, 30 S. W. 890; People v. Hamblin, 68 Cal. 101, 8 Pac. 687; People v. Crapo, 76 N. Y. 288, 32 Am. Rep. 302; People v. Noelke, 94 N. Y. 144, 46 Am. Rep. 128; People v. Irving, 95 N. Y. 541; State v. Kent (State v. Pancoast) 5 N. D. 516, see page 557, 35 L.R.A. 518, 67 N. W. 1052; 2 Wigmore, Ev. p. 1110, § 982 (3); People v. Silva, 121 Cal. 668, 54 Pac. 146; People v. Warren, 134 Cal. 202, 66 Pac. 212; State v. Nussenholtz, 76 Conn. 92, 55 Atl. 589; Germinder v. Machinery Mut. Ins. Asso. 120 Iowa, 614, 94 N. W. 1108; Ashcraft v. Com. 22 Ky. L. Rep. 1542, 60 S. W. 931; Howard v. Com. 110 Ky. 356, 61 S. W. 756, 13 Am. Crim. Rep. 533; Johnson v. Com. 22 Ky. L. Rep. 1885, 61 S. W. 1005; Com. v. Welch, 111 Ky. 530, 63 S. W. 984; Ashcraft v. Com. 24 Ky. L. Rep. 488, 68 S. W. 847; Lange v. Wiegand, 125 Mich. 647, 85 N. W. 109; State v. Renswick, 85 Minn. 19, 88 N. W. 22; Lipe v. Eisenlerd, 32 N. Y. 238; McKesson v. Sherman, 51 Wis. 303, 8 N. W. 200; 1 Greenl. Ev. 16th ed. 461(b), 461(c) pp. 579, 580; Slater v. United States, 1 Okla. Crim. Rep. 275, 98 Pac. 110; State

v. Sanderson, 83 Vt. 351, 75 Atl. 961; Starling v. State, 89 Miss. 328, 42 So. 798; State v. Stewart, 6 Penn. (Del.) 435, 67 Atl. 786; Missouri K. & T. R. Co. v. Creason, 101 Tex. 335, 107 S. W. 527; Musgraves v. State, 3 Okla. Crim. Rep. 421, 106 Pac. 544; Nelson v. State, 3 Okla. Crim. Rep. 468, 106 Pac. 647; Dotterer v. State, 172 Ind. 357, 30 L.R.A.(N.S.) 846, 88 N. E. 689; Keys v. United States, 2 Okla. Crim. Rep. 647, 103 Pac. 874; Smith v. United States, 161 U. S. 85, 40 L. ed. 626, 16 Sup. Ct. Rep. 483; Langhorne v. Com. 76 Va. 1012; State v. Ripley, 32 Wash. 182, 72 Pac. 1036; Watson v. State, 155 Ala. 9, 46 So. 232; Landy v. Moritz, 33 Ky. L. Rep. 223, 109 S. W. 897; State v. Nyhus, 19 N. D. 326, 27 L.R.A.(N.S.) 487, 124 N. W. 71; Roop v. State, 58 N. J. L. 479, 34 Atl. 749; Carr v. State, 43 Ark. 99, 5 Am. Crim. Rep. 438; Anderson v. State, 34 Ark. 257; Stanley v. Ætna Ins. Co. 70 Ark. 107, 66 S. W. 432; Re James, 124 Cal. 653, 57 Pac. 578, 1008; State v. Burton, 2 Marv. (Del.) 446, 43 Atl. 254; Bonaparte v. Thayer, 95 Md. 548, 52 Atl. 496; State v. Huff, 11 Nev. 17; State v. Fournier, 108 Minn. 402, 122 N. W. 329; Kolb v. Union R. Co. 23 R. I. 72, 54 L.R.A. 646, 91 Am. St. Rep. 614, 49 Atl. 392; State v. Thompson, 127 Iowa, 440, 103 N. W. 377; Dungan v. State, 135 Wis. 151, 115 N. W. 350; People v. Derbert, 138 Cal. 467, 71 Pac. 564.

The argument of counsel to the jury was highly improper and prejudicial to the defendant, when he referred to the fact that defendant did not produce witnesses and offer proof as to character of complaining witness. Such evidence would have been *inadmissible* in any event. Com. v. Moore, 3 Pick. 194; Morse v. Pineo, 4 Vt. 281; Swisher v. Malone, 31 W. Va. 442, 7 S. E. 439; Bookhout v. State, 66 Wis. 415, 28 N. W. 179.

So also was his appeal to the jury as taxpayers, and his reference to their self interests. Cooksie v. State, 26 Tex. App. 72, 9 S. W. 58; State v. Warford, 106 Mo. 55, 27 Am. St. Rep. 322, 16 S. W. 886; Cleveland, C. C. & St. L. R. Co. v. Newlin, 74 Ill. App. 638; Davis v. State, — Tex. Crim. Rep. —, 55 S. W. 340.

It was error for the court to instruct the jury further, at their request, in the absence of defendant and his counsel, and without notice to either of them. Rev. Codes 1905, §§ 7021, 7027.

After the retirement of the jury, all further instructions or com-

munication should be made in the presence of counsel. State v. Murphy, 17 N. D. 48, 17 L.R.A.(N.S.) 609, 115 N. W. 84, 16 Ann. Cas. 1133; Kuhl v. Long, 102 Ala. 569, 15 So. 267; Cooper v. State, 79 Ala. 54; McNeil v. State, 47 Ala. 498; Collins v. State, 33 Ala. 435, 73 Am. Dec. 426; Feibelman v. Manchester F. Assur. Co. 108 Ala. 180, 19 So. 540; Redman v. Gulnac, 5 Cal. 148; People v. Trim, 37 Cal. 274; Fish v. Smith, 12 Ind. 563; Hall v. State, 8 Ind. 444; Jones v. Johnson, 61 Ind. 257; Davis v. Fish, 1 G. Greene, 406, 48 Am. Dec. 387; State v. Frisby, 19 La. Ann. 143; State v. Davenport, 33 La. Ann. 231; Kullberg v. O'Donnell, 158 Mass. 405, 35 Am. St. Rep. 507, 33 N. E. 528; Sargent v. Roberts, 1 Pick. 337, 11 Am. Dec. 185; Goode v. Campbell, 14 Bush, 75; Read v. Cambridge, 124 Mass. 567, 26 Am. Rep. 690; Norton v. Dorsey, 65 Mo. 376; Chinn v. Davis, 21 Mo. App. 363; State v. Miller, 100 Mo. 606, 13 S. W. 832, 1051; State v. Alexander, 66 Mo. 148; Chouteau v. Jupiter Iron Works, 94 Mo. 388, 7 S. W. 467; Plunkett v. Appleton, 9 Jones & S. 159, 51 How. Pr. 469; Watertown Bank & Loan Co. v. Mix, 51 N. Y. 558; Wheeler v. Sweet, 137 N. Y. 438, 33 N. E. 483; Kehrley v. Shafer, 92 Hun, 196, 36 N. Y. Supp. 510; People v. Cassiano, 30 Hun, 388; Moravee v. Buckley, 11 Ohio L. J. 225; Seagrave v. Hall, 10 Ohio C. C. 395, 6 Ohio C. D. 497; Wade v. Ordway, 1 Baxt. 229; Traders and Truckers Bank v. Black, 108 Va. 59, 60 S. E. 743; Forzen v. Hurd, 20 N. D. 42, 126 N. W. 224.

Under a law requiring all instructions to be in writing, it is error to orally instruct the jury. Wettengel v. Denver, 20 Colo. 552, 39 Pac. 343; Parris v. State, 2 G. Greene, 449; Hartwig v. Gordon, 37 Neb. 657, 56 N. W. 324; Montelius v. Atherton, 6 Colo. 224; Lee v. Stahl, 9 Colo. 208, 11 Pac. 77; Forzen v. Hurd, 20 N. D. 42, 126 N. W. 224.

This rule applies with equal force to the giving of additional oral instructions. 12 Cyc. 680; People v. Hersey, 53 Cal. 574; Gile v. People, 1 Colo. 60; State v. Stoffel, 48 Kan. 364, 29 Pac. 685; Gilbert v. State, 78 Miss. 300, 29 So. 477; Mallison v. State, 6 Mo. 399.

After full charge in writing has once been delivered, it is error for the court, upon request, to further charge *orally;* such further charge should also be reduced to writing. Bowden v. Achor, 95 Ga. 243, 22

S. E. 254; Ohio & M. R. Co. v. Rowland, 51 Ind. 285; State v. Potter, 15 Kan. 302.

On appeal, it is not necessary to set out what these additional instructions were, in the bill of exceptions. The fact that they were given is sufficient. State v. Fisher, 23 Mont. 540, 59 Pac. 919; Swaggart v. Territory, 6 Okla. 344, 50 Pac. 96.

Questions of the complaining witness as to acts of sexual intercourse with other men than defendant, along about the same time, or generally, are proper, as touching her credibility, if for no other purpose. State v. Read, 45 Iowa, 469; McCoy v. People, 65 Ill. 439, 1 Am. Crim. Rep. 71.

The evidence is insufficient to justify or to sustain the verdict. All the evidence of the complaining witness in such cases should be most closely scrutinized, and conflicting statements should be viewed with great care and caution. State v. McKnight, 7 N. D. 445, 75 N. W. 790.

BURKE, J. Defendant was adjudged to be the father of an illegitimate child, and appeals to this court. As grounds for reversal he alleges nineteen errors of the trial judge, none of which are prejudicial excepting the one hereinafter considered.

One of the witnesses for the defendant, after giving testimony very damaging to the cause of the state, upon cross-examination by the state's attorney, was asked:

Q. Ever been arrested?

Objected to as incompetent, irrelevant, and immaterial. Overruled. Exception granted.

A. Once.

Move to strike out the answer as incompetent, irrelevant, and immaterial. Denied and exception granted.

The witness was not asked to explain the nature of the offense for which he had been arrested, nor the outcome of the proceedings. Appellant insists that this ruling is reversible error, and in support of this contention has cited something over fifty cases, all in point and including two cases from this court.

It is elementary that a witness should not be asked whether he has been arrested or accused of a crime, but whether or not he has been convicted, or was in fact guilty of the crime. In this connection we quote briefly from the case of State v. Kent (State v. Pancoast), 5 N. D. 516, 35 L.R.A. 518, 67 N. W. 1052; "Where a cross-examiner seeks to impair the credibility of a witness by proof of collateral crimes, he should be confined to specific acts. He may ask the witness whether or not he committed the act, or whether he has been convicted thereof, or imprisoned therefor, but manifestly the interrogatories should be so framed as' to permit the witness to admit or deny the act itself. He should not, for impeachment purposes, be asked questions which simply suggest inference. It has repeatedly been held that a party could not be asked whether or not he had been indicted for a particular offense, on the ground that an indictment did not prove guilt. . . . It was not proper then to ask plaintiff in error in this case . . . whether or not he was not 'accused,' etc., and whether or not it was not 'claimed by the bank officers,' etc., because all that may have been true, and yet no such crime as claimed have been committed." Greenleaf on Evidence, 16th ed. 461(b), (c) page 579, reads: Whatever may be the limit in this respect, nothing short of the conviction of a crime is admissible for the purposes of impeachment. The mere accusation or indictment will not be admitted for the reason that innocent men are often arrested, charged with a criminal offense. We think the trial court probably relied upon the language found in State v. Rozum, 8 N. D. 548, 80 N. W. 477, but as said case is practically nothing more than a reference to the case of State v. Kent, supra, it cannot be considered as overruling the rule announced in such case. That such was the intention of this court is shown in State v. Nyhus, 19 N. D. 326, 27 L.R.A.(N.S.) 487, 124 N. W. 71, from which we quote; "In so far as defendant was asked and compelled to answer questions in regard to former arrests, the rule in the Kent Case, as above quoted, was clearly violated. . . . By these questions the line of proper cross-examination was passed. We do not deem it necessary to cite authorities on this question, except State v. Kent, supra. That case has often been cited in subsequent decisions of this court, and its soundness on this point has never been questioned, although the rule has not been stated in subsequent cases with the same accuracy and fullness as in

the Kent Case. The error in permitting such cross-examination would be alone ground for a new trial." The trial court will grant a new trial in the case.