JOHN ENGSTROM, Appellant, v. HENRY NELSON and N. A. Nelson, Respondents.

(171 N. W. 90.)

**Appeal and error — action for damages for assault and battery — evidence.**

　1. In an action of assault and battery, it is not prejudicial error to refuse testimony that the witness has been convicted of a criminal charge in a criminal action where it is not shown to the court or it does not appear that the purpose of such testimony is either to affect the credibility of the witness or to prove an admission against interest by a proof of a plea of guilty in a criminal action for the same assault and battery.

**Evidence against interest — former conviction.**

　2. Evidence in such action that a witness has entered a plea of guilty and has been convicted for the same assault and battery in a criminal action is admissible only as an admission against interest.

**Witnesses — conviction of crime — impeachment.**

　3. Evidence that a witness has been convicted of a crime is admissible in a civil action of assault and battery, only for the purpose of affecting his credibility.

Opinion filed February 7, 1919.

Appeal from District Court, Burke County, *Leighton,* J.

Civil action for assault and battery.

Affirmed.

*E. R. Sinkler* and *M. O. Eide,* for appellant.

A nonprofessional witness who has observed a sick or injured person may testify as to his opinion as to such person's physicial condition. Hall v. Austin, 73 Minn. 134, 75 N. W. 1121; Jackson v. Wells, 13 Tex. Civ. App. 275, 35 S. W. 528; Wright v. Ft. Howard, 60 Wis. 119, 18 N. W. 750; Smalley v. Appleton, 70 Wis. 344; Keller v. Gilman, 93 Wis. 9, 66 N. W. 800; Carthage Turnp. Co. v. Andrews, 102 Ind. 138.

Where a cross-examiner seeks to impair the credibility of a witness by proof of collateral crimes he should be confined to specific acts. State v. Kent (State v. Pancoast) 5 N. D. 516, 35 L.R.A. 518, 67 N. W. 1052; State v. Nyhus, 19 N. D. 326; People v. Elster (Cal.)

3 Pac. 884; Marx v. Hilsendegen, 46 Mich. 336; People v. Wolcott, 51 Mich. 612; Sullivan v. Newman, 17 N. Y. Supp. 424; Smith v. State, 79 Ala. 21; Bates v. State, 61 Ark. 640, 30 S. W. 890; State v. Kent, 5 N. D. 516; 11 Wigmore, Ev. pp. 110, 557, ¶ 982; People v. Warren (Cal.) 66 Pac. 212; Germinder v. Machinery M. I. Asso. (Iowa) 94 N. W. 1108; McKesson v. Sherman (Wis.) 8 N. W. 200; 1 Greenl. Ev. 16th ed. 461; Smith v. United States, 161 U. S. 85; People v. Derbert, 138 Cal. 467.

Where it is sought to impair the credibility of a witness on cross-examination he may be asked whether or not he committed the act or whether he has been convicted of a crime, as it raises a legal presumption and makes it provable that a crime has been committed. State v. Nyhus, 19 N. D. 326; State v. Kent, 5 N. D. 516; State v. Oien, 26 N. D. 555; Lang v. United States, 66 C. C. A. 255; People v. Conly, 106 Mich. 424; Coleman v. Southern R. R. Co. 138 N. C. 351; Schnase v. Goetz (N. D.) 120 N. W. 553.

*McGee & Goss,* for respondents.

Any error of the court committed in instructions concerning exemplary damages in an action only for damages for an unjustified assault is rendered nonprejudicial by a verdict of a jury that no cause of action existed even for compulsory or actual damages. Stockwell v. Brinton, 26 N. D. 1, 142 N. W. 242.

An erroneous instruction on the theory of implied warranty of corn sold to plaintiff is harmless to the seller of the corn where the jury find an express warranty was given. 2 R. C. L. p. 259, ¶ 210.

An erroneous instruction with regard to punitive damages is harmless where it clearly appears that no punitive damages were allowed. Lindsey v. Oregon Short Line R. Co. 13 Idaho, 477, 12 L.R.A.(N.S.) 184, 90 Pac. 984.

The rule is that a case will not be reversed because of giving an instruction which states an erroneous proposition of law, or is inapplicable to the issues or otherwise improper, where it is evident that it did not bring about an improper verdict. 2 R. C. L. p. 256, ¶ 209.

BRONSON, J. The plaintiff sued the defendants for assault and battery. Upon trial in the district court of Burke county before a jury a verdict was returned for the defendants. From the judgment

rendered thereupon, the plaintiff appeals and specifies thirty-nine errors of law committed by the trial court during the course of the trial. Thirty-six of such specifications relate to rulings of the trial court upon the admission of evidence and to remarks to the trial court occurring during the trial. Three of such specifications concern instructions of the trial court to the jury. The cause of action arose over a pile of old scrap iron situated on land owned by one of the defendants. The plaintiff previously had owned such land and claimed the right to take such scrap iron. On June 27, 1917, the plaintiff came to such land with a team for the purpose of taking away such old scrap iron. As he was proceeding to load up some of such scrap iron, the defendant Henry Nelson came; later the other defendant; a row occurred and a fight started. The plaintiff, claiming injuries suffered as a result thereof, brought this action. For some time anterior there had existed bad blood between the parties. It appears that on a previous occasion the plaintiff had been arrested for an assault on one of the defendants. The record discloses that there was criminal prosecution against the defendants for this alleged assault. It is wholly unnecessary for this court to review in extenso the numerous assignments of errors claimed. We have examined the record throughout, and we are satisfied that the plaintiff was accorded a fair trial, and that no prejudicial error is shown upon the matters raised in the specifications of error. It is time that this near feud should end.

The only matter in the record that engages our serious attention is the ruling of the trial court upon the following questions propounded by the plaintiff to one of the defendants:

Q. Have you ever been convicted of a charge in a criminal action?
A. Before this?
Q. Before this civil case?
A. Before this civil case?
Q. No, before this civil case to-day?

The court sustained an objection made to these questions.

The plaintiff predicates prejudicial error upon this ruling, claiming that his purpose in so asking such question was twofold. First, concerning the credibility of the witness. Second, to lay a foundation that the defendant had pleaded guilty in the justice court to this offense of assault and battery and had paid a fine therefor. And the plaintiff

further claims that such proof would have entitled him to an instruction of nominal damage.

If the record clearly showed this to be the purpose of the plaintiff, it was prejudicial error to sustain such objection.

It is admissible in evidence to show that a witness has been convicted of a crime for the purpose of affecting his credibility. State v. Kent (State v. Pancoast) 5 N. D. 516, 35 L.R.A. 518, 67 N. W. 1052; Chnase v. Goets, 18 N. D. 594, 120 N. W. 553; State v. Oien, 26 N. D. 552, 145 N. W. 424. See State v. Nyhus, 19 N. D. 326, 27 L.R.A.(N.S.) 487, 124 N. W. 71; State v. Hazlett, 16 N. D. 426, 438, 113 N. W. 374.

Evidence also is admissible which shows the entry of a plea of guilty and a conviction of a witness for the same assault and battery in a criminal case, as an admission of the witness against his interest. Satham v. Muffle, 23 N. D. 63, 135 N. W. 797; 5 C. J. 685.

In this case, the plaintiff made no offer of proof to inform the court of the purpose for which he asked the questions involved. There is no offer made in the record to prove that the defendants, or either of them, did plead guilty to the same assault and battery in a criminal charge. Previous to the time these questions were asked by the plaintiff, the counsel for the plaintiff asked the plaintiff, while he was on the stand, the following question: "Q. Do you know whether or not Henry Nelson pleaded guilty in the justice court, or was convicted of assault and battery a short time ago in this particular case?" This question was objected to and thereupon withdrawn by the plaintiff.

The record discloses that some of the witnesses herein were interrogated and gave evidence concerning testimony that was given in the case of State of North Dakota v. N. A. Nelson, the trial of which occurred in the same court a short time previous to this action. When this former question to the plaintiff and this former evidence is considered in connection with the specific questions, upon which error is predicated, it is rather apparent that the manner in which the same was propounded served to elicit an answer as to whether or not the defendant N. A. Nelson had been convicted of the crime of the same assault and battery involved herein. The plaintiff had no right to establish in the record the proof of the conviction of the defendant questioned in a criminal case of the same assault and battery. The plaintiff had

the right to show that the defendant had been convicted of a crime for the purpose of affecting his credibility. He might show in evidence proof of the conviction of the defendant upon a criminal charge for this same alleged assault and battery when the foundation was first laid that the defendant had pleaded guilty,—all for the purpose of an admission against interest. Therefore, the trial court, guarding against reversible error prejudicial to the defendants, under the circumstances, might properly sustain the objection to the question propounded until the plaintiff either advised the court of the purpose for which such question was propounded or framed a succeeding question clearly calling for testimony clearly admissible.

Finding no prejudicial error in the rulings, remarks, or instructions of the trial court, the judgment of the District Court is accordingly affirmed.