PATRICK MCGOWAN, APPELLEE, v. DRESHER BROTHERS, APPELLANT.

FILED JUNE 23, 1921. No. 21669.

1. **Damages:** PERMANENT INJURY. To warrant a recovery for a permanent injury, the future effect of the injury must be shown with reasonable certainty; a mere conjecture, or even a probability of future disability which may never exist, is not sufficient.

2. **Evidence.** It is not error to refuse to permit a physician to testify whether he could discover any reason why the plaintiff could not have been at work when the physician examined him, where the physician had fully detailed the condition of the affected parts. Such conclusion was for the jury to draw.

APPEAL from the district court for Douglas county: WILLIAM A. REDICK, JUDGE. Affirmed on condition.

James C. Kinsler, for appellant.

Smith, Schall & Howell and F. E. Sheehan, contra.

Heard before LETTON, DAY and DEAN, JJ., GOOD and RAPER, District Judges.

RAPER, District Judge.

On May 14, 1919, plaintiff and appellee was struck and injured by an automobile belonging to and driven by an employee of defendant, on a street in Omaha. Suit was brought for damages because of alleged negligence of defendant, which resulted in verdict and judgment for plaintiff.

Several alleged errors are assigned, two of which relate to the instructions No. 4 and No. 12. There is no merit in the claim against No. 4. There is no doubt left by the record but that the driver of the automobile was guilty of negligence, and there is no evidence of facts from which negligence of the plaintiff can be inferred, consequently that portion of instruction No. 4, of which appellant complains, even if it were erroneous (which we do not determine), was without prejudice, and particularly in view of instruction No. 10, which would have obviated any wrong impression of instruction No. 4 if it were erroneous.

The alleged fault of instruction No. 12 is that it submitted the question of there being a permanent injury, and appellant urges that there is no evidence to sustain such submission to the jury. The plaintiff gave the only testimony as to the injury and its effects. He details the injuries to his ankles, feet, and legs, and in one statement says one of his feet "was swelled up and was painful and is painful to this day, right across that ankle (indicating). It swells up occasionally; that has swelled up on me very much until lately and it gets numb at times and practically as if there is no feeling in that foot," and again he says it is painful yet; that he is able to put all his weight on that foot, but sometimes it goes numb for some reason, if he leaves the weight on it and walks with it, and for that reason he has to support it; the foot that got bruised is not a very good foot; the broken foot has swelled occasionally and gets numb for some reason.

That is substantially the testimony given by plaintiff that touches on the present or future effect of the injury. He was 48 years old, and weighed slightly over 200 pounds, in good health, and had never suffered any previous injury. Dr. Fitzgibbons and Dr. Harris were called for defendant and testified that they examined plaintiff in January, 1920, and made X-ray pictures of his feet and ankles, and these physicians testified that both ankles and feet were normal and the motion of the joints free and they could bend them forward, backward or laterally without causing pain, and that plaintiff could move them the same way, and the muscles and tendons were not hampered or hindered in their motion, and their range of motion was normal, and found no sign or indication of anything in the bones, nerves or muscles that would cause any disability; that there was indication of there having been a fracture of the internal maleolus, but it is perfectly healed leaving all bones of both feet in normal size, shape and position. On cross-examination, Dr. Fitzgibbons says: "We always regard a fractured bone as a little second-hand after it is injured, it is never as good as it was," and, further, that "usually an injury of that kind afterwards produces a sort of rheumatic, what they call a rheumatic, joint—when the weather changes you have some pain referred to there—that is usually true of any injury to a joint, or any bone in any place in the body." The plaintiff does not state the extent or frequency of the swellings, numbness or pain, nor to what extent he can use the foot without discomfort, and so far as his own testimony shows there is no reason why there should be a permanent impairment of his ability to earn money.

Indeed, it is hardly apparent from the record why he has not at least attempted to get employment. It seems so improbable that there will exist a permanent impairment of the use of his feet and ankles that the court should not have submitted the question of a permanent disability, when there is no torn or displaced or inflamed muscles or

ligaments and a completely healed fracture of the maleolus. A party is not required to prove permanent injury with absolute certainty, yet a mere conjecture or probability is not sufficient. The burden of proof was on plaintiff, and the testimony must show such permanent injury with reasonable certainty. 8 R. C. L. 469, sec. 34. Furthermore, there was no attempt to prove the degree of the future impairment in the use of the members or in the loss of earning power.

Plaintiff did sustain a severe injury, and was incapacitated for several months. He was earning $110 a month with steady employment as a night watchman, whose duties required him to be almost continuously walking during his working hours, and plaintiff, under the evidence, is entitled to substantial damages, but the verdict of $3,500 appears excessive, and probably the award was enhanced by the speculative view of a permanently disabled foot, yet we cannot say that the verdict was the result of passion and prejudice.

The court did not err in excluding the questions asked of Doctors Fitzgibbons and Harris as to whether they could discover any reason why plaintiff could not have been at work in January when they examined him. The testimony had already covered that point rather definitely, and the questions called for a conclusion, which it was the jury's duty to determine. 22 C. J. 634, sec. 731.

If the plaintiff remits the sum of $1,000 within 20 days, the judgment will stand affirmed; otherwise, the judgment is reversed and the cause remanded for a new trial.

AFFIRMED ON CONDITION.