JOHN MISCHO, APPELLEE, v. HENRY VON DOHREN, APPELLANT.

FILED FEBRUARY 16, 1934. No. 28792.

*Votava & McGroarty*, for appellant.

*Paul I. Manhart*, contra.

Heard before GOOD, EBERLY and DAY, JJ., and BLACK-LEDGE and RYAN, District Judges.

BLACKLEDGE, District Judge.

This action is to recover for personal injuries alleged to have been sustained by plaintiff, a pedestrian, who, in crossing St. Mary's Avenue in Omaha at its intersection with Leavenworth street, on November 30, 1931, was struck by an automobile driven by defendant. The plaintiff claims to have suffered injuries principally to his head and the lower region of his back. The case was tried in December, 1932, and the jury awarded him a recovery in the sum of $1,900.

The defendant, appellant, complains (1) that the court erred in submitting to the jury by instruction No. 15 the question of the permanency of plaintiff's injuries and, incident thereto, in admitting in evidence the Carlisle table of expectancy; (2) that there was error in the giving of instruction No. 11 on the subject of comparative negligence; (3) that the verdict is excessive; and (4) that there was misconduct of counsel in proving that the defendant carried insurance.

There was testimony tending to show that the plaintiff

was a farmer, 54 years of age, and prior to the accident in good health, weighing 196 pounds, and doing his own work on his farm of 117 acres; that the blow by which he was injured threw him approximately eight feet from the automobile to the pavement; that he was under medical observation and treatment from that time until the following June, after which he received home treatment. He was examined and treated by two physicians. X-rays were taken. He was reexamined in June, 1932, and again in December shortly before the trial. He constantly complained of pain in his head and back and of soreness and inability to bend the body or stoop, and so continued up to the time of trial. He lost from 25 to 27 pounds in weight and became nervous and much depressed, occasionally giving way to spells of crying. He did not, and claimed he could not, do any of the heavier farm work, and worried much concerning his condition. The physicians, three in number, stated that they had found no organic basis for the complaint of pain, no bones, muscles or ligaments broken, torn or misplaced, no satisfactory reason or explanation why there was not a reasonably prompt and full recovery or why he should now complain of pain, and doubted whether there was any permanent injury "from the physical examination standpoint." There was further testimony by his wife and son and sister-in-law who had all been in contact with him and had part in his care throughout the period. There is neither statement nor intimation that he was consciously or intentionally faking injury or pain.

The foregoing is a brief outline of the import of the testimony covering that feature of the case from the bill of exceptions, consisting of a total of 213 pages, upon consideration of which we find adequate basis for the submission by the court to the jury of the question of permanency, to the extent to which it was actually submitted. The part of the instruction criticized is herein italicized:

"If you find from the evidence that the plaintiff is entitled to recover in this case, it will be necessary for you

to determine the amount of damages he has sustained as the direct and proximate result of the accident, *and in arriving at these damages, if any the plaintiff has sustained, you will take into your consideration the character and extent of the injuries, if any, whether the same are permanent and will continue to exist in the future to the fullest extent, or only partially, or whether his injuries were only transient and ones from which he will recover.*

"You will also take into consideration any pain and suffering which was the direct result of the accident, and such expenses as were incurred for medical attention as shown by the evidence, and award him such damages, but only such as will fairly compensate him, or make him whole.

"You are not permitted to allow the plaintiff any damages by way of punishment or through sympathy, or any prejudice against either of the parties, as the law recognizes only compensatory damages, that is, such damages as will fairly make the plaintiff whole for the injuries which he has sustained."

It will be noted that the court did not authorize recovery for future pain and suffering, nor for expenses except medical attention; but only for that "which was the direct result of the accident," and "for the injuries which he has sustained."

In the case cited by appellant, *Lowe v. Armour Packing Co.,* 148 Minn. 464, the injured person was taken to a hospital and received first aid, the next day called a physician who found a bruise on the forehead, two teeth loosened, a bruise on her right knee, and one on her hip. She complained of pain, nervousness, and inability to sleep. The doctor gave her a sedative and a lotion with which to bathe the knee. He called once or twice afterwards and communicated with her a few times by telephone. From an examination before the trial, two physicians testified that in their opinion plaintiff had suffered no structural, functional or permanent injuries and that no abnormal condition then existed. There is not shown to have been

other testimony to this phase of the case than that of plaintiff and the two physicians. The court did not grant a new trial but required the recovery of $2,500 to be reduced to $1,500.

In another case cited by appellant, *McGowan v. Dresher Bros.*, 106 Neb. 374, the objection was upon the submission to the jury of the question of the permanency of the injury. The case rested upon the statements of plaintiff as to how his injured foot affected him and of two physicians called by defendant who testified to the complete healing of the fracture, leaving all bones of the foot in normal size, shape, and position, and no indication of anything in the bones, nerves or muscles that would cause a disability. The court holds that the question of permanent diability should not have been submitted to the jury, but plaintiff, having sustained a severe injury and having been incapacitated for several months, and previously earning $110 a month, was entitled to substantial damages. It further held, however, that the amount of $3,500 was probably enhanced somewhat by a speculative view of a permanently disabled foot and required the plaintiff to remit $1,000 therefrom, leaving the judgment to stand at $2,500.

As is said in the opinion in that case, so in this one, we cannot find that the verdict was the result of passion and prejudice. When we pause to realize that plaintiff was unexpectedly struck in the region of the lower back by an unyielding weight of more than a ton, moving at a speed, as the defendant himself states, of from 12 to 15 miles an hour and that he was thereby incapacitated for several months, it requires no imagination to conclude that he sustained substantial injuries. The verdict in this case of $1,900 does not indicate an enhancment by a speculative view of the result, nor appear to be more than adequate compensation for the injury and suffering already sustained.

It follows from these observations that the complaint as to instruction No. 15 must be overruled, the admission of

the Carlisle table in evidence was not prejudicial, and the amount of the verdict is not found to be excessive.

Upon the objection raised to the language of instruction No. 11, as to comparative negligence, that particular language has been many times approved by this court and, although criticized in a recent case and doubtless susceptible to improvement, we do not think the use thereof was prejudicial or could have misled the jury in this case. We are inclined to hold with the syllabus in *Kelso v. Seward County*, 117 Neb. 136: "When an instruction is substantially correct, a case will not be reversed because it is possible to improve the phraseology thereof."

The record does not disclose any wilful or undue overstepping of proper bounds in the references during the trial of the matter of insurance carried by defendant. The trial court has a reasonable discretion therein, and properly instructed the jury thereon. This assignment must, therefore, under the well-established rule of this court, be overruled.

Having examined all the errors assigned on this appeal and finding nothing prejudicial to appellant therein, the judgment of the district court is

AFFIRMED.