[Civ. No. 11236. First Appellate District, Division Two.—June 20, 1940.]

GLADYS CONSTANCE VADEN, Appellant, v. PERRY HOLMES et al., Respondents.

Joseph F. O'Malley for Appellant.

Cooley, Crowley & Supple for Respondents.

STURTEVANT, J.—On the evening of September 23, 1938, Curtis Farrell was driving a Packard sedan automobile northerly along San Leandro Way in San Francisco. The plaintiff, as his guest, sat by his side. On her right Miss Walker, another guest, was seated. At a point where San Leandro Way intersects Portola Drive the Packard car collided with a Ford coupe. The latter car was owned by the Holmes Express, a corporation, and was being driven by Perry Holmes an agent of said corporation. The plaintiff commenced an action against Perry Holmes and the corporation to recover damages for her alleged injuries. The action was tried before the trial court sitting without a jury. The defendants admitted that Perry Holmes was negligent in driving the Ford coupe. The other issues made by the pleadings were tried. The court made findings in favor of Holmes Express but against Perry Holmes and in favor of the plaintiff. In those findings the court fixed the damages of the plaintiff in the sum of $150. From the judgment the plaintiff has appealed.

In her first point the plaintiff contends that the trial court erred in making a finding in favor of Holmes Express, a corporation. That finding was as follows: "At the time and place of said collision the defendant Perry Holmes was operating a Ford automobile on his own personal concerns and not as agent, servant, or employee of the defendant, Holmes Express, a corporation, and not in the business of said corporation." The only evidence on the subject contained in said finding was the testimony of Perry Holmes who was

called as a witness by the plaintiff under the provisions of section 2055 of the Code of Civil Procedure. The uncontradicted evidence given by that witness was that after 6 o'clock and after the defendant's business had been done he took the car and started to go to his aunt's to have dinner. He further testified that he had no business of the corporation to transact on his trip and that he did not on said trip attempt to transact any business whatever for the corporation. Under these circumstances it is apparent that the trial court's finding was in direct response to the evidence. ■ In this connection the plaintiff asks this court to hold that Holmes Express was but the corporate double of Perry Holmes. It is sufficient to state that in the record there were no facts whatever that would justify the application of that doctrine.

■ In her next point the plaintiff contends that on the issue of the amount of damages the judgment is against the evidence and against law. She attacks a finding which is as follows: ''In said collision, and the result thereof, the plaintiff did not sustain any injury, save and except a slight laceration or abrasion of the skin of her right knee and she was slightly shaken up.'' She contends her evidence showed (1) injuries to her right knee; (2) injuries to her head; and (3) injuries to her abdominal cavity. Before proceeding it should be noted the only witness called by the plaintiff to testify regarding her injuries was the plaintiff. The defendants called no witnesses. The plaintiff testified the accident happened about 6:20 P. M. on September 23, 1938, that is, on a Friday afternoon. Immediately thereafter she was taken to Alemany Emergency Hospital and was there examined by Dr. O'Hara. He found no surface injury on any part of her body except her knee. He applied some alcoholic wash to the spot, placed some gauze over it, and fastened the gauze with tapes. Later he directed the plaintiff to lie down on a bed. At about the same time Dr. Jones was summoned. He came to the hospital and there treated Miss Walker in particular, and also examined the plaintiff. Thereafter Miss Walker was taken to her hotel and the plaintiff went with her, under the directions of Dr. Jones, to wait on and attend her during the night. No other treatment of any kind was ever administered to the knee. There was no external injury to the plaintiff's head and no treatment of any kind was ever administered to her head. She testified that

after the accident she had pains in her head. Those pains subsided and she testified she then had pains in her abdominal cavity. Later she became nauseated. On Saturday pains in her abdominal cavity continued. On Sunday she was taken to St. Luke's Hospital. Dr. McKee took the history of the case. Later in the day Dr. Jones and Dr. Stevens arrived. After an examination they concluded it was best to operate on her abdominal cavity. They did so Sunday evening. The plaintiff testified that after she was taken to her room Dr. Jones stated to her that when the doctors opened the cavity they found what was wrong. They found she was suffering from an acute venereal disease. They therefore at once sewed up the incision they had made. From this evidence it is clear the defendants were in no manner liable for the pains which the plaintiff claimed she suffered in her abdominal cavity. It is also clear that the cause of any pains in her head presented a question for the testimony of medical men and not for the testimony of laymen. (*Assurance Corp.* v. *Industrial Acc. Com.*, 106 Cal. App. 39, 42 [288 Pac. 692].) However, the record is entirely silent regarding any medical opinions as to the cause of the pains complained of in the plaintiff's head.

In speaking to counsel on the subject of the claims made by the plaintiff, the trial court used this sentence: "Now, I am trying to fix on an amount which I think would cover the damages to the knee more or less arbitrarily." The plaintiff stresses that language and contends the trial court *ipso facto* rendered an arbitrary decision. That contention is quite unfair to the trial court. It is perfectly clear the trial court was but stating that there was no standard for estimating the amount in dollars and cents which would compensate for the injury to the knee, and as so understood we see no objection to the words used. The plaintiff continues by discussing the hospital bill, medical expense, and loss of employment, and makes the general claim that those things should have been considered in estimating the damage caused by the bruise on plaintiff's right knee. But, considering the facts hereinabove discussed, it is patent the contention now made is wholly without merit.

In her notice of intention to move for a new trial the plaintiff pleaded subdivisions 6 and 7 of section 657 of

the Code of Civil Procedure. From what has been said above we think it is clear the trial court very properly denied her motion for a new trial. .

The judgment appealed from is affirmed.

Nourse, P. J., and Spence, J., concurred.