**Lee CLARK, Plaintiff and Respondent,**

v.

**Henry JOSEPHSON, Defendant and Appellant.**

**Ella CLARK, Plaintiff and Respondent,**

v.

**Henry JOSEPHSON, Defendant and Appellant.**

Nos. 7462, 7463.

Supreme Court of North Dakota.

Oct. 29, 1954.

J. K. Murray, Bismarck, for defendant and appellant.

Strutz, Jansonius & Fleck, Bismarck, for plaintiffs and respondents.

JOHNSON, Judge.

This litigation arose out of a collision between the automobiles owned by the plaintiff, Lee Clark, and Henry Josephson, on the 12th day of September, 1952, at about 5:25 p. m. The plaintiff, Lee Clark, and his wife, Ella Clark, were on their way home. The collision occurred near the intersection of Front Avenue and Third Street in the City of Bismarck, North Dakota. The plaintiff, Lee Clark, was driving south on Third Street and the defendant was driving east on Front Avenue.

Both of the plaintiff's actions involve the same facts. The cases were consolidated for trial in the District Court of Burleigh County, North Dakota, and both were argued on appeal together. We will consider both appeals in this one opinion.

The plaintiff, Lee Clark, alleges that the defendant, Henry Josephson, was negligent in the operation of his automobile, and operating it under the influence of intoxicating beverages, and that his negligence and carelessness was the proximate cause of the damages to the plaintiff's 1946 4-door Oldsmobile. He seeks damages to his automobile and for personal injuries. The plaintiff, Ella Clark, claims damages for personal injuries by reason of the negligence of the defendant.

The defendant answered, admitting the collision between Lee Clark's car and his, and the time and place thereof. He denies the allegation of negligence and alleges that the collision between his car and Lee Clark's car was caused by the contributory negligence of the plaintiff, Lee Clark. The defendant also counterclaimed for damages. The plaintiff denied defendant's counterclaim. Upon the trial of the action on the motion of the defendant, the counterclaim was dismissed.

The plaintiff, Ella Clark, alleges that she was riding as a guest in the automobile owned and operated by her husband, Lee Clark; that by reason of the collision between the defendant's car and the car of her husband, Lee Clark, she was injured; that the negligence and carelessness of the defendant was the proximate cause of such injury.

The defendant answered the complaint of Ella Clark, denying negligent operation of his automobile, admitting the approximate time and place of the collision, and asserting that at the time thereof, the plaintiff, Ella Clark, and her husband, Lee Clark, were engaged in a joint enterprise; that the plaintiff, Ella Clark, failed to do anything to prevent her husband's negligent operation of his automobile and consented

to and adopted the negligent driving of his car. The defendant also counterclaimed in this action. The plaintiff, Ella Clark, denied defendant's counterclaim. On defendant's motion at the time of trial his counterclaim was dismissed.

The jury, in the action of Lee Clark against the defendant, rendered a verdict of $290 for the plaintiff, and in the action of the plaintiff, Ella Clark, rendered a verdict in her favor in the sum of $1300.

The defendant made a motion for a new trial in both actions. The motions were denied by the trial court. The defendant appealed from both orders denying the motion for a new trial and also appealed from the judgments which were entered upon the verdicts in favor of the plaintiffs, Lee Clark and Ella Clark.

In connection with the motions for a new trial in both actions, in the District Court, the defendant set forth nine specifications of error and these specifications are also asserted on this appeal. The specifications of error on appeal are identical in both cases. They are a restatement of the specifications of error on the motions for a new trial. The defendant also specifies that the court erred in denying the motions for a new trial in both cases and points out alleged insufficiency of evidence on the motions for a new trial.

We deem it unnecessary to set forth in detail all of the specifications of alleged error, specifications of insufficiency of the evidence, and contentions of the defendant and appellant, that the evidence is conclusive in several particulars. He has grouped all of the alleged errors of law raised by the specifications and the insufficiency of the evidence, as follows:

"1. Misconduct of counsel for plaintiffs, which was highly prejudicial to the rights of the defendant.

"2. No proper measure of damages established by the evidence with reference to the automobile.

"3. Error of law in the admission in evidence of a copy of a repair bill on the automobile.

"4. Error in admitting the repair bill in rebuttal when the defendant offered no evidence pertaining to the amount of repairs to the automobile.

"5. No evidence of any nature establishing any particulars with reference to damages to the automobile.

"6. Error in the Court's instructions pertaining to damages to the automobile, when there was no evidence sustaining the theory of damages set forth in the instructions.

"7. No medical testimony pertaining to the personal injuries of Ella Clark, the award of $1300.00 being based not on evidence but on bias and prejudice and without any foundation established for such award. That the amount of such award is highly excessive."

Under this grouping the defendant and appellant has apparently abandoned many of the alleged specifications of error, as they are not argued under any of the seven points just mentioned. Issues or assignments of error not argued in briefs are deemed abandoned. First State Bank of Kief v. Osborne-McMillan Elevator Co., 53 N.D. 551, 207 N.W. 37. Errors assigned in the brief, but not argued, will be deemed abandoned. Kelly v. Pierce, 16 N.D. 234, 112 N.W. 995, 12 L.R.A.,N.S., 180; Olson v. Armour & Co., 68 N.D. 272, 276, 280 N.W. 200, 201.

We will now discuss the errors as grouped by the defendant and appellant in the order in which they are presented.

The appellant specifies misconduct of counsel for plaintiffs in several particulars, relative to questions propounded to Mr. Bossert, a policeman, one of the witnesses for the plaintiffs, in which he was asked whether as a result of his investigation and talk with the parties, criminal charges were made, and as to whether he was present when Mr. Josephson entered a plea of guilty to criminal charges arising out of the accident, and whether he had heard him enter a plea. This witness was further asked if he had been present at the time of the hearing described in Exhibit 1.

Upon objection to Exhibit 1, it was withdrawn and the objection thereto was sustained. All this type of testimony was excluded. Where improper questions are asked to which objections are sustained, the prejudicial effect of the asking of such questions, is a matter in the first instance, for the consideration of the trial court. Under the circumstances disclosed by the record, the court having sustained objection to the questions, the same do not constitute reversible error. Beardsley v. Ewing, 40 N.D. 373, 168 N.W. 791. This is particularly true in view of the admonition in the charge to the jury concerning this line of testimony in which the court instructed the jury to disregard remarks by counsel for plaintiff concerning any alleged criminal proceedings against the defendant as having nothing to do with the law suit.

■ Upon cross-examination of the defendant he was asked:

"Q. Will you state whether as a result of this accident you entered a plea of drunken driving?"

This question was objected to. It was never answered. This was a proper question. Evidence of a plea of guilty in a criminal charge arising out of an automobile accident is generally admissible. U. S. v. Standard Oil Co. of Cal., D.C.Cal., 60 F. Supp. 807 (On appeal to circuit court of appeals, 9 Cir., 153 F.2d 958, and to the U. S. Supreme Court, 332 U.S. 301, 67 S.Ct. 1604, 91 L.Ed. 2067, this point was not referred to in the opinions.); Morrissey v. Powell, 304 Mass. 268, 23 N.E.2d 411, 124 A.L.R. 1522 (admissible though plea withdrawn); Remmenga v. Selk, 150 Neb. 401, 34 N.W.2d 757 (reckless driving); Moore v. Skyline Cab, 134 W.Va. 121, 59 S.E.2d 437.

The evidence of a plea of guilty to a criminal charge arising out of an automobile accident is, however, not conclusive, and may be explained. Podolsky v. LaForge, 1 Cir., 92 F.2d 954; Moulin v. Bergeron, 135 Conn. 443, 65 A.2d 478; Roper v. Scott, 77 Ga.App. 120, 48 S.E.2d 118 (driving while intoxicated); Morrissey v. Powell, supra; Atkins v. Churchill, 30 Wash.2d 859, 194 P.2d 364 (charge of entrusting automobile to unlicensed minor); Utt v. Herold, 127 W.Va. 719, 34 S.E.2d 357.

It was held in the case of Engstrom v. Nelson, 41 N.D. 530, 171 N.W. 90, 91, in which the plaintiff sued the defendants for damages for assault and battery, that a plea of guilty on a criminal charge of assault and battery was admissible as an admission against interest. The court in that connection said:

"It is admissible in evidence to show that a witness has been convicted of a crime for the purpose of affecting his credibility. State v. Kent, 5 N.D. 516, 67 N.W. 1052, 35 L.R.A. 518; Schnase v. Goetz, 18 N.D. 594, 120 N.W. 553; State v. Oien, 26 N.D. 552, 145 N.W. 424. See State v. Nyhus, 19 N.D. 326, 124 N.W. 71, 27 L.R.A.,N.S., 487; State v. Hazlet [Hazlett], 16 N.D. 426, 438, 113 N.W. 374.

"Evidence also is admissible which shows the entry of a plea of guilty and a conviction of a witness for the same assault and battery in a criminal case, as an admission of the witness against his interest. Satham v. Muffle, 23 N.D. 63, 135 N.W. 797; 5 Corpus Juris 685."

■ We believe that upon cross-examination of the defendant it was permissible to question him as to whether or not he had entered a plea of guilty to a drunken driving charge arising out of the same facts as these civil actions for damages based on the alleged negligence of the defendant. Such testimony is properly admissible as an admission against interest.

■ Since evidence of a plea of guilty by a defendant in a criminal action arising out of the same facts as these civil actions, is admissible, it cannot be said that an unsuccessful attempt to procure such evidence constitutes misconduct.

■ It is also contended that the defendant was entitled to a mistrial by reason of an alleged statement of plaintiff's counsel in his opening statement to the jury. The record is not complete in this connection

as it does not contain the alleged objectionable statement of plaintiff's counsel. The record insofar as it is available, states:

"Mr. Murray: (During Mr. Strutz' opening statement to the Jury:) Counsel for the plaintiff now states to the Jury that the defendant was arrested for drunken driving. I would like to have the Court confirm that fact.

"The Court: I think that is the record so far.

"Mr. Murray: The defendant now moves for a mistrial; that that statement made by counsel to the Jury is highly prejudicial, not admissible in evidence; that the plaintiff has to prove his case by showing the defendant is guilty of negligence.

"Mr. Strutz: If the Court please, our evidence shows that as a result of that the defendant entered a plea of guilty to drunken driving which is an admission against interest and is admissible in evidence.

"Mr. Murray: On that statement of counsel, the defendant again moves for a mistrial because that statement is highly prejudicial, and that fact is not admissible in evidence here; the plaintiff must prove negligence and that the plaintiff's injuries, if any, were the proximate result of such negligence; and that his case must stand or fall on that. This statement is highly prejudicial, is not admissible in evidence, and we renew our demand for a mistrial.

"Mr. Strutz: I would like to be heard on that.

"The Court: The motion is denied." Mr. Strutz' statement,

"Our evidence shows that as a result of that the defendant entered a plea of guilty to drunken driving"

is, at least by inference, a statement of what the plaintiff intended to show. In absence of the record of the original statement to which defendant's counsel objected, and by inference the statement just quoted indicates that the plaintiff's counsel was merely stating what the plaintiffs intended to show, it does not appear that any prejudice resulted from the remark. Prejudice will not be presumed in view of the court's instructions to the jury upon this matter. Lund v. Upham, 17 N.D. 210, 116 N.W. 88.

The court charged the jury in this connection as follows:

"The jury is instructed to wholly disregard any and all remarks of either counsel either in their opening statements, or throughout the trial, or in their arguments, which have been stricken out by the Court, and particularly remarks by counsel for plaintiff concerning any alleged criminal proceedings against defendant as they have nothing to do with this lawsuit."

■ In the denial of a mistrial, the court has a wide discretion.

"The granting of a mistrial is an extreme remedy * * *. All the authorities agree that the practice should be resorted to only 'when further proceedings therewith would be productive of great hardship or manifest injustice'." Hoffer v. Burd, 78 N.D. 278, 49 N.W.2d 282, 292.

"Ordinarily when a motion is made for a mistrial it is upon the occurrence of some incident of prejudicial misconduct at the trial or when incompetent matters have been brought to the attention of the jury the damaging effect of which cannot be removed by admonition and instructions and when something has happened affecting the propriety and validity of the proceedings." Loveland v. Nieters, N.D., 54 N.W.2d 533, 537.

Any damaging effect of any remark made by counsel for the plaintiffs in his opening statement was removed by the instructions to the jury. We are satisfied that the incident upon which the motion for a mistrial was based, and which occurred near the beginning of the trial, was not prejudicial and that the motion for a mistrial was properly denied.

We will next consider the specifications of error and of the insufficiency of evidence as grouped by appellant under numbers two, three, four and five.

The appellant specified that the evidence was insufficient to show that the defendant was guilty of negligence which was the proximate cause of the damages to the plaintiffs, and that there was no evidence to show that the defendant did not use due care. The defendant also specifies that there was no competent evidence that the defendant's brakes were defective. After the accident the evidence shows that the brakes of the defendant's automobile were defective. The evidence on negligence and contributory negligence is squarely in conflict.

The plaintiffs both testified that plaintiff Lee Clark stopped at the stop sign on Third Street before entering Front Avenue; that they looked to the left and then the right, and then turned left onto Front Avenue, and as they came to the Capital Laundry, they had to stop behind some telephone trucks as there was traffic moving from east to west in the north lane on Front Avenue. They both claim that they came to a complete stop and that the defendant's car hit them from the rear while they were parked behind the Northwestern Bell telephone trucks.

The defendant testifies that he was coming from the west proceeding east on Front Avenue; that as he approached the intersection of Front Avenue and Third Street, Lee Clark's car, without stopping, turned to the left onto Front Avenue immediately in front of him; that the plaintiff, Lee Clark, did not give any signal that he was turning to the left; that he stopped suddenly; that the defendant's car barely or lightly touched the rear end of Lee Clark's car. Edith Maltby, who was riding with the defendant, also claims that the plaintiff, Lee Clark, did not stop at the stop sign at the intersection of Third Street and Front Avenue.

On the basis of this testimony as to negligence and contributory negligence, the jury rendered a verdict for the plaintiff, Lee Clark, for damages to his automobile and rendered a verdict in favor of Ella Clark for her injuries.

■ Where the evidence is in conflict and reasonable men might draw different conclusions therefrom, this court on appeal will disturb neither the verdict of the jury based on such evidence nor the order of the trial court denying a motion for a new trial on the ground of insufficiency of evidence. Jacobs v. Bever, N.D., 55 N.W.2d 512; Reuter v. Olson, N.D., 59 N.W.2d 830.

■ The defendant next challenges the sufficiency of the evidence with reference to the damages to the plaintiff's car. He asserts that there was no evidence pertaining to the market value of the car before and after the collision, and argues that the evidence elicited as to the value of the car of the plaintiff, Lee Clark, is insufficient because it does not designate the time and place of the value asserted by the plaintiff of his car. The testimony shows that the plaintiff, Lee Clark, stated that the value of his 1946 Oldsmobile before the accident was $850; that the value after the accident was $550, or a difference of $300. This evidence is not disputed. It was received over the objection that it did not constitute a proper or legal measure of damages. It was sufficient to establish the value of the plaintiff's car before and after the accident. See Hermes v. Markham, N.D., 60 N.W.2d 267.

■ The time and place of the accident was alleged in paragraph one of the complaint in both cases and admitted in paragraph two of the defendant's answer in each case. The testimony of the plaintiff, Lee Clark, shows that the accident happened shortly after 5 p. m. on September 12, 1952, and that the place thereof was Front Avenue in the city of Bismarck, near the Capital Laundry. When that evidence, which was before the jury, is taken in connection with the evidence of the value of Lee Clark's automobile both before and after the accident, the jury had already heard and was aware that the testimony given by Lee Clark referred to the value of his car in the city of Bismarck at the time and place of the accident. The

testimony as to the value is not objectionable on the basis that it was indefinite as to time and place. The contents of the pleadings were put before the jury in the instructions of the trial court, and the defendant in his answers in both actions had admitted the time and place of the accident. The jury, therefore, was fully cognizant that the testimony as to value of the automobile of plaintiff, Lee Clark, referred to the value of his automobile before and after the accident in the city of Bismarck, North Dakota.

The general rule as to measure of damages in a case of this type is stated in Part 1, Volume 6, Blashfield's Cyclopedia of Automobile Law and Practice, 44, 45 and 47, Section 3415.

"The general rule is that the measure of damage for injury to personalty by the wrong of another is the difference between the value of the property before and after the injury; *the value meant being the market value,* if there is one. (Emphasis supplied.)

"Therefore the general rule for measurement of damages to an automobile by an injury to it, where the machine is only partially destroyed, is the difference between the reasonable market value of the automobile immediately before the injury and its fair market value immediately after such injury.

· "The general rule, without qualifications, only applies if the repairs will make the damaged vehicle as good as new."

The jury, however, was not solely dependent upon the evidence of Lee Clark as to the value of his automobile before and after the accident. The plaintiff introduced in evidence Exhibit 3, which is an itemized statement of the Davis Chevrolet Company, showing the repair to Lee Clark's 1946 Oldsmobile. This exhibit shows that the total repairs amounted to $262.80. The plaintiff authorized the repair work to be done over his signature. The witness, Goodwin Lien, the body shop foreman at the Davis Chevrolet Company, identified the repair bill. He testified that the work set out therein was actually performed and that the service was rendered by him or men working under his supervision. The repair bill was admitted over the objection of the defendant on the ground that it was improper rebuttal and that it constituted a part of Lee Clark's main case, and that there was no evidence with regard to the damage to the car and on the further ground that since the defendant had offered no evidence in regard to the damages to the car, there was nothing to rebut. In response to this objection, the plaintiffs contend that the defendant's testimony that he just barely touched the rear end of the plaintiff's car; that he was going less than 5 miles per hour at the time of the collision, constitute this testimony proper rebuttal.

The plaintiff, Lee Clark, testified that he had his car repaired at the Davis Chevrolet Company and that the damage thereto was as shown by the repair bill of September 19, 1952, and that the damage to the car was caused by the accident on September 12, 1952. When all of the evidence concerning the repair to the Lee Clark car is considered, it is sufficient and was properly admitted. Since there is no contention that the car was worth less after it was repaired than before the accident, the evidence presented comes squarely within the rule of damages as announced by Blashfield. The objection that it was improper rebuttal is not sustainable. The admission in rebuttal of testimony which should have been offered in chief rests in the sound discretion of the trial court. Petersburg School District of Nelson County v. Peterson, 14 N. D. 344, 103 N.W. 756; Pease v. Magill, 17 N.D. 166, 115 N.W. 260. The jury's verdict as to the damages resulting to Lee Clark's car is in line with his testimony as to the value thereof before and after the accident. He had testified to a value difference of $300 and the repair bill shows the total repairs that went into the car of the value of $262.80. The jury awarded him $290. There was no error in the admission of this evidence. This disposes of

the specifications of error and the insufficiency of the evidence grouped under headings two, three, four and five.

It is asserted under point number six that the court erred in instructing the jury pertaining to the damages to the automobile of Lee Clark on the ground that there was no evidence sustaining the theory of damages set forth in the trial court's instructions. The trial court properly instructed with reference to damages to the plaintiff's motor vehicle as follows:

"In determining the amount of damages to a motor vehicle, as it may become necessary for you to consider the same in this case, you are instructed that you will find the difference between the reasonable market value of the motor vehicle in question immediately before the accident and collision in question, and the reasonable market value of said motor vehicle immediately after the accident and collision."

It is apparent that the verdict of the jury followed this instruction. The jury had before it the testimony of the plaintiff as to the value before and after the collision, and in addition thereto the evidence of Goodwin Lien supporting and corroborating Lee Clark's testimony. The jury finding in this connection is supported by the evidence.

Under point number seven, the appellant contends in the case of Ella Clark, plaintiff, that since there was no medical testimony pertaining to her personal injuries, the award of $1300 was not based on any evidence, but on bias and prejudice; that it is highly excessive. Ella Clark was with her husband, Lee Clark at the time of the collision of the defendant's car with Lee Clark's automobile. She was sitting in the front seat at the right of her husband at the time of the impact between the two cars, holding her two year old boy in her lap. She testified that at the time of the impact she hit her head on the windshield and her hip on the door handle, and that she hurt both her neck and her back. After the accident she went to the police station and thereafter to the hospital where x-rays were taken. She was instructed with reference to treatment of her injuries. She went from the hospital to her home and was confined to her bed for four weeks. She testifies as follows:

"Q. And as a result of your instructions from the doctor, did you go to bed? A. Yes, I went to bed.

"Q. And how long did you remain in bed? A. For a week the first week, and for about three weeks I couldn't do nothing, I was just on my back; I had a splitting headache all the time, and my head hurt all the time; I couldn't stoop.

"Mr. Murray: Wait a minute. We object to this witness giving a speech. She is not responsive, and she keeps giving a speech.

"Q. Did you spend any time in bed? A. Yes.

"Q. And how long did you spend in bed altogether? A. Four weeks.

"Q. And during that time did you receive any treatments? A. Yes.

"Q. And did you do anything about your injuries? A. Yes.

Q. What did you do? A. I went up to see Dr. Heiba at Hebron.

"Q. Mrs. Clark, as a result of the instructions that the doctor gave you did you do anything about your injuries? Did you take any treatments? A. Yes.

"Q. What was that? A. Hot pads, heating pads.

"Q. Electric heating pads? A. Yes.

"Q. And you did that? A. Yes.

"Q. And how long were you in bed, did you say? A. Four weeks."

Ella Clark further testified that she had splitting headaches all the time; that her head hurt all the time; that she could not stoop; that she employed a person to do

her housework; that for this work she and her husband paid $25 per week and room and board which was estimated at the value of $12.50 per week; that after spending four weeks in bed she was still unable to do any lifting or reaching and that she still had pain; that after the treatments given by Dr. Heiba (Heupel) of Hebron she was still suffering headaches, pain and backaches; that as of the time of the trial she was unable to do all her housework and that her husband helped her. No medical testimony was offered as to the nature of her injuries. The testimony of Ella Clark, however, is undisputed. Lee Clark testified his wife was injured in the collision. Her injuries resulted therefrom.

There is no fixed rule by which compensation for pain and suffering may be measured. Human suffering is not a commodity; it has no price, and therefore, it was left to the best judgment and sound discretion of the jury to determine compensation for the injuries sustained by Ella Clark and the pain and suffering arising therefrom. Each case must be determined upon its own peculiar facts. The determination of the damages to Ella Clark was within the province of the jury based on all the evidence and the instructions of the court. We are agreed that when all the pertinent facts in the case of Ella Clark are considered, it cannot be said that the amount of the verdict is so large or excessive as to indicate passion or prejudice by the jury. The facts presented to the jury were sufficient to warrant the verdict to Ella Clark. In the case of Mischo v. Von Dohren, 126 Neb. 164, 252 N.W. 830, it was held that $1900 damages to a 54 year old farmer for injuries to head and lower region of back, causing nervousness and inability to stoop, was not excessive, although medical examinations did not disclose organic basis for the complaint of pain nor ascertain any satisfactory reason or explanation why the plaintiff in that case should not have had a reasonably prompt and full recovery.

Medical testimony may be used for the purpose of increasing or minimizing the amount of damages. Blashfield Cyclopedia of Automobile Law and Practice, Volume 10, Part I, Section 6421. We have not found, nor has appellant pointed to any cases holding that substantial damages may not be awarded in absence of medical testimony.

The appellant cites three cases: Vaden v. Holmes, 39 Cal.App.2d 580, 103 P.2d 1002; Cushing Coca-Cola Bottling Co. v. Francis, 206 Okl. 553, 245 P.2d 84; Franklin v. Kansas City Public Service Co., 239 Mo.App. 151, 186 S.W.2d 546; as a basis for the contention that before substantial damages may be awarded for personal injuries, medical testimony must be presented. Under the peculiar facts involved in these cases it was held that the alleged mental pain and physical suffering must be produced by, or be connected with, or result from the injury which was the subject of the action, and to establish a causal connection, if any, between the pain and the physical suffering it was necessary to produce medical testimony to show such relationship. These cases do not establish the rule for which the appellant contends in this case. The case of Ella Clark does not present the same issue as was involved in each of these three cases. In her case there is no doubt of the causal connection between the injuries and the collision of the defendant's car with her husband's car on September 12, 1952. Her injuries were such as to confine her to her bed for four weeks. These cases were tried in December, 1953, and the evidence shows that Ella Clark was still suffering from the effects of the injuries received in the collision. The jury's verdict of $1300 was based upon sufficient evidence and was not excessive.

We find no prejudicial error in the record of the trial of these cases. The motions for a new trial were properly denied by the trial court. The judgments and the orders denying motion for a new trial in both cases are affirmed.

MORRIS, C. J., and GRIMSON, SATHRE and BURKE, JJ., concur.